GEORGE BARTLETT, *et al.*, v. THE STATE OF KANSAS.

1. QUO WARRANTO; *Parties.* Where an action in the nature of a *quo war-ranto* has been commenced by the county attorney, in the name of The State of Kansas, for the purpose of ousting from office certain persons who have unlawfully usurped certain offices, there is no defect of parties plaintiff.

2. ——— *City Officers; Action may be in Name of The State.* In such a case, when the offices into which said persons have unlawfully intruded are the offices of mayor, police judge and city council of a city of a third class, the state has such an interest in the subject-matter of the action that the action may be prosecuted in the name of the state as plaintiff.

3. ——— *Who may Prosecute.* And in such a case, where the action is prosecuted in the name of the state, the county attorney may commence and prosecute the action for the state.

### *Error from Cloud District Court.*

QUO WARRANTO, instituted by the county attorney of Cloud county. The title of the action was, "The State of Kansas, plaintiff, against George Bartlett, Peter McCrea, Frank McNulty, S. M. Ransopher, Harry Dobbs, A. W. Campbell, and Moses Heller, defendants." The petition set forth and alleged—

"That the city of Clyde in said county and state is a city of the third class, under and by virtue of the general laws of said state; that by the same laws there has been created and exists in said city, for the purpose of good government thereof, and for the purpose of promoting the general welfare of the inhabitants thereof, the offices of mayor, five councilmen, and police judge; that on or about the 3d of April 1873, at and

within said city, and within the jurisdiction of this court, the said defendant Bartlett did unlawfully usurp and intrude himself into the said office of mayor of said city of Clyde, the said defendants McNulty, Ransopher, Dobbs, Campbell, and Heller did then and there unlawfully usurp and intrude themselves into the said offices of councilmen, and the said McCrea did then and there unlawfully usurp and intrude himself into the said office of police judge; and each and every of said defendants from thence hitherto have continued unlawfully to hold and exercise the said offices respectively so as aforesaid usurped by them respectively, the said offices then and there being public offices under and by virtue of the laws of said state, the said defendants from the date last aforesaid to the present time having unlawfully usurped the city government of said city; and that said defendants from the date last aforesaid to the present time have respectively continued and still continue unlawfully to hold and exercise the said offices so as aforesaid respectively unlawfully intruded into by them.    And the plaintiff further shows that no other person or persons is or are by law entitled to hold or exercise any of said offices.    Wherefore the plaintiff demands judgment, that the said defendants be ousted from said offices so by them respectively unlawfully held and occupied."

To this petition the defendants demurred.    The district court, at the August Term 1873, overruled the demurrer, and the defendants bring the case here on error.

*E. J. Jenkins*, for plaintiffs in error, submits:

The county attorney can only commence an action in the nature of *quo warranto* of his own motion in cases, first, when directed to do so by competent authority; second, when the defendant, as a public officer, or an officer *de jure*, has done or suffered any act to be done, or omitted to perform some duty, which by the provisions of law works a forfeiture of his office when he has been elected or appointed as such officer; third, against a corporation illegally incorporated; fourth, against a corporation or association for abuse of power, or any act that amounts to a surrender or forfeiture of their rights and privileges. Laws of 1871, p. 276, 277, §§ 1, 2.

The county attorney was not authorized by any competent

authority, and the state and county had no interest in the offices in the city of Clyde; and this being a civil action should have been commenced in the name of the real party in interest. (Code, § 26; 8 N. Y., 71.) The state can only be made a party when the action is brought against an officer or a corporation for doing some act, or refusing to perform some duty that amounts to a forfeiture of the office, or the rights and privileges of the corporation; but the state cannot be made a party when the action is brought against a party for *usurping* or *intruding* into an office created by law. (Laws 1871, p. 277, § 2; 2 Kas., 32.)

The county attorney cannot legally of his own motion, commence the action against a defendant for usurping an office without bringing the action in the name of the party entitled to the office. If an office has been usurped by the defendant, some other person is entitled to hold or occupy that office, and the action must be commenced in the name of that party. (Laws 1871, p. 277, § 2.) The petition alleges that Clyde is a city of the third class, and as such city there has been created and exists in said city the offices mentioned in the petition; and the city is certainly entitled to have the offices occupied and held by some persons. The plaintiff is therefore estopped from alleging that no persons are entitled to hold said offices, and if said offices were usurped by the defendants below, the persons entitled to hold said offices should have been made parties plaintiff. There is then a defect of parties plaintiff. The petition is inconsistent, and does not state facts sufficient to constitute a cause of action.

*H. A. Hunter*, county attorney, for defendant in error. (No brief on file.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of *quo warranto*, brought by the county attorney of Cloud county in the name of "The State of Kansas," to have determined by what authority certain persons were attempting to exercise

the functions of certain city offices of the city of Clyde, Cloud county. The city of Clyde is a city of the third class. Said persons were attempting to exercise the functions of the offices of mayor, police judge, and city council of said city. These facts, together with others, were set out in full in the petition filed by the county attorney. The defendants demurred to this petition on the following grounds, to-wit: 1st, There is a defect of parties plaintiff; 2d, The petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against said defendants. The court overruled said demurrer, and the defendants below, plaintiffs in error, now assign that ruling for error.

I. Whenever any person usurps an office, and attempts to hold it wrongfully and without any legal authority, as the county attorney alleges that the defendants have done and are doing in this particular case, then we suppose that not only the state, but also any individual who may be entitled to hold the office, may maintain an action in the nature of *quo warranto* to oust such usurper from such office. But each has a separate action, and the two together do not have a joint action. Neither is a necessary party when the other commences the action. Hence, although the state is the only plaintiff in this case, and the persons entitled to hold the different offices are not made parties thereto, still there is no defect of parties plaintiff. But as we shall state more fully hereafter, the petition shows that no person is entitled to hold any one of said offices.

*1. Quo warranto. Who may be plaintiff.*

II. It is claimed that the petition below does not state facts sufficient to constitute a cause of action, and the only reason given therefor is, that the action is not prosecuted in the name of the real party in interest. Now as we have before stated, any individual in this state entitled to hold an office has such an interest therein that he may maintain an action in the nature of *quo warranto* to oust any intruder therefrom, and he may maintain the action in his own name and not in the name of the state. (Laws of 1871, page 277, § 2.) But this right of action on the part of

*2. City officers; action in name of state.*

the individual does not oust the state from its right of action. Their separate rights of action are founded upon separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is interested in the good government and general welfare of all its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person. And the protecting care of the state extends to cities of the third class, as well as to any other portions of its territory. In this particular case however it is not shown that any person is entitled to hold any one of said offices. On the contrary, the petition shows that no one is entitled to hold or to exercise the functions of any one of said offices. Why this is so, is not stated. Perhaps the persons elected to fill said offices have refused to qualify, or have died, or resigned, or removed from the city. But whatever may be the reason, and whether the reason is sufficient or not, still the power of the state to remove intruders from office is ample. Where there is some person entitled to hold the office, the county attorney may commence the action in the name of the state, but in such a case "he shall set forth in the petition the name of the person rightfully entitled to the office, and his right or title thereto." (Laws of 1871, § 2.) But where no person is entitled to hold the office, he may still commence the action in the name of the state, but simply stating, as the county attorney has done in this case, that no person is entitled to hold the office. We suppose it will hardly be claimed that where there is no individual who can commence an action to oust an intruder from office that the state is also powerless in the matter. We suppose it will hardly be claimed that where there is no individual who is competent to bring the action, the people of a city may be governed by usurpers and intruders without any legal means for relief.

III. It is claimed that the county attorney has no right to commence or prosecute this action. We think he has. Sec-

tion 136 of the act relating to counties and county officers
provides that "It shall be the duty of the county
attorney to appear in the several courts of their
respective counties, and prosecute or defend, on
behalf of the people, all suits, applications or motions, civil
or criminal, arising under the laws of this state, in which
*the state,* or their county, *is a party,* or interested." (Gen. Stat.,
284.) And § 654 of the civil code provides that "When the
action [in the nature of *quo warranto*] is brought by the at-
torney general or the county attorney of any county of his
own motion, or when directed to do so by competent author-
ity, it shall be prosecuted in the name of the state," etc.
(Laws of 1871, page 277, § 2.) The county attorney in a case
like this may prosecute the action upon his own motion. If
he cannot do so, who is there to authorize him to do so ?

Of course we know nothing of the facts of this case except
as they are stated in the petition of the county attorney, and
for the purposes of this case such statements must be taken
as true.

The judgment of the court below is affirmed.

All the Justices concurring.

*3. Power and duty of county attorney.*