THE CITY OF OLATHE V. THE MISSOURI AND KANSAS
INTERURBAN RAILWAY COMPANY.

No. 15,825.    (96 Pac. 42.)

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Annulment of a Franchise.* A right granted by ordinance to a corporation to operate an interurban railway upon the streets of a city is a "franchise" within the meaning of the word as used in the statute relating to *quo warranto,* and for proper cause may be annulled in an action of that character.

2. ———— *Parties.* The city granting such right is a proper plaintiff in such an action, in virtue of the statute (Civ. Code, § 654) authorizing it to be brought by a person claiming an interest adverse to the franchise which is its subject.

3. ———— *Forfeiture of a Right to Operate a Railway on a City's Streets.* Upon the facts alleged, *held,* that it does not appear that other remedies are so inadequate as to warrant the court, in the exercise of a sound discretion, in imposing the extreme penalty of forfeiture.

Original proceeding in *quo warranto.* Opinion filed May 9, 1908.  Action dismissed.

*C. L. Randall,* for plaintiff.

*Ogg & Scott, S. T. Seaton,* and *Frank Doster,* for defendant.

The opinion of the court was delivered by

MASON, J.: This is an original proceeding in *quo warranto,* brought by the city of Olathe against the Missouri and Kansas Interurban Railway Company, seeking to forfeit the rights granted by ordinance to that corporation to operate its road in certain streets of the city.  The defendant has filed a demurrer and a motion to dismiss, based upon these three contentions: (1) The controversy indicated by the petition relates to a mere matter of contractual rights between the city and the company, and is not triable in *quo warranto* proceedings.  (2) The city is not a proper plaintiff in

such an action. (3) Upon the facts alleged the court ought not to take jurisdiction.

There is some conflict in the authorities upon the first proposition. The two views are thus stated in volume 23 of the American and English Encyclopædia of Law, at page 643, the cases being collected in notes to the text:

"The right under a municipal ordinance or contract to operate a street-railway or to lay pipes or string wires in or along a public street or highway has been held not a franchise and not triable by *quo warranto*. Any unlawful user must be redressed as other ordinary wrongs or breaches of contract. But a contrary view has been taken, and it has been held that a grant by a city, by authority of its charter, of the right to use its streets and highways for the purpose of laying pipes, etc., is a franchise for which *quo warranto* will lie."

The question has been so fully and satisfactorily treated in the recent case of *State v. Railway Co.*, 135 Iowa, 694, 109 N. W. 867, that there is no occasion to say more than that this court without hesitation adopts the conclusion there stated in these words:

"The first objection raised in argument by appellant is based upon the vital proposition that the controversy indicated by the pleadings involves a mere matter of contractual rights and obligations between the railway company and the city in which neither the state nor the general public has any interest, and is therefore not triable in proceedings of this kind, whether instituted upon the relation of the county attorney or of private citizens. This position finds support in the decisions of the courts of Illinois and Michigan [citing cases]. But, as we read the books and consider the principles involved, the rule thus announced is not supported by the weight of authority or by the better reason. Of course, if the term 'franchise' is to be limited to the mere right to corporate existence, then without doubt rights obtained subsequent to the incorporation and based upon grants from or contracts with a municipality would not come within the definition, and it would be at least questionable whether an action under the statute to test corporate rights would lie for their

abuse or usurpation. But it is a thoroughly well-established proposition that rights granted to a corporation, either directly or by the state indirectly through the act of a minor municipality authorized by the state, are to be regarded as franchises no less than is the right to be a corporation. Both classes of rights are derived mediately or immediately from the state, and both are subject to the inherent power of the state to guard against their abuse by the grantee or usurpation by a wrong-doer. The occupation of the public street for railway purposes is not a matter of common right, and without a legislative grant therefor the construction or maintenance of such a railway would expose the party responsible therefor to punishment as for a nuisance. The municipality to which is given authority to grant such a privilege exercises a delegated power only, and it can not grant to any person or corporation a privilege which is confessedly in derogation of the common right, in a manner which shall exclude the power of the state to inquire into its abuse, or to prevent the subversion of the public interests which the legislative grant was intended to promote. Such, except in the two states above named, is the practically universal holding of the courts. . . . That the right to occupy the public streets with a railway depends entirely upon legislative grant and is therefore a franchise, notwithstanding the fact that the terms of such grant and their acceptance constitute also a contract, is too well settled to be open to serious question. . . . Not only is the application of *quo warranto* or its statutory substitute to cases of this kind upheld by the overwhelming weight of authority, but it is clearly in accord with the dictates of sound public policy." (Pages 704, 707.)

Whether the city may maintain such an action in its own name is a matter of statutory construction. Section 654 of the code of civil procedure reads, in part:

"When the action is brought by the attorney-general or the county attorney of any county of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state, but where the action is brought by a person claiming an interest in the office, franchise or corporation, or claiming any interest adverse to the franchise, gift or grant which is

the subject of the action, it shall be prosecuted in the name and under the direction and at the expense of such persons."

The words "or claiming any interest adverse to the franchise, gift or grant" were added by amendment in 1871, and seem intended to cover just such a case as the present one. At all events they plainly apply to it. Whether or not the city can be said to claim an interest in the franchise which is the subject of this action, it certainly claims an interest adverse to it, and has a special and peculiar interest in the matter. That a municipal corporation is a "person" within the meaning of the word as here used does not admit of doubt. Under our practice, as defined by this statute, the individual who by the more usual custom would be permitted to sue in the name of the state on his relation may maintain the action in his own name as plaintiff. In *State, ex rel., v. R'y Co.*, 140 Mo. 539, 41 S. W. 955, 38 L. R. A. 218, 62 Am. St. Rep. 742, a case very similar to the present one, the city of Kansas City was the relator.

Notwithstanding that *quo warranto* is available as a remedy for the abuse or non-user of rights granted by ordinance for the use of the public streets, and that the city is a proper plaintiff in such a proceeding, we conclude that the court in the exercise of a sound discretion ought not to retain the present case for trial. The ordinance involved took effect and was accepted by the company in February, 1907, and was amended in March. The railway line was completed and operation thereof begun in August. This action was begun in December. The violations of the ordinance complained of are, in substance: (1) The railway track is not laid on the street grade, the pavement is not properly replaced, and the road-bed has not a sufficient foundation to prevent its settling in places and thereby making the streets unsafe for ordinary travel. (2) The company refuses to grade a part of a street, as it had

undertaken to do. (3) The company provides a service between Olathe and its earlier terminus of one car in three hours, instead of one in two hours, as required. (4) The equipment provided by the company is not modern or adequate. (5) The company operates its cars within the city at a high and dangerous rate of speed. (6) The company fails and refuses to pay the sum of $12,000, which by the ordinance was to be paid to the city to be used in widening a street, and which was due August 1.

We think the faults alleged are not so serious, have not been persisted in for such a length of time, and their correction by other remedies has not been so obstinately resisted, as to warrant the court in resorting to the extreme measure of forfeiting all right to the use of the streets. So far as relates to the payment of the money, a suggestion is made of a controversy as to the amount due and its time of maturity. If a question of fact is raised in good faith in this regard, this is not an appropriate proceeding in which to try it. But whether so or not, the mere delay of payment for a few months, even in view of the allegation that the company is insolvent, is not sufficient to call for the immediate forfeiture asked. As was said in *City of Topeka v. Water Co.*, 58 Kan. 349, 49 Pac. 79:

"Courts are extremely reluctant to adjudge forfeitures of corporate privileges and franchises; and, being vested with some discretion in proceedings brought for that purpose, will ordinarily do so only where no other adequate remedy is available." (Syllabus.)

We do not decide that there is a technical failure of the petition to state a cause of action, nor shall we now undertake to determine what remedies might be successfully invoked by the city upon the facts alleged; but the case is dismissed because the court is of the opinion that sufficient effort to obtain relief by other means is not shown to warrant a declaration of forfeiture at this time.