## BYRD et al. v. STATE ex rel. ROFF, Co. Atty.

No. 15104—Opinion Filed May 13, 1924.

1. **Statutes—Adoption from Another State—Presumption as to Construction.**

Where a statute taken from another state has at the time of its adoption been construed by the highest court of the state from which it was taken, it is presumed that the legislative body which adopted such statute adopted it as construed by such highest court. Conwill v. Eldridge, 71 Okla. 223, 177 Pac. 79.

2. **Quo Warranto—Parties Plaintiff—State on Relation of County Attorney.**

Where an action in the nature of a quo warranto has been commenced by the county attorney, in the name of the state of Oklahoma, for the purpose of ousting from office certain persons who have unlawfully usurped certain offices, there is no defect of parties plaintiff.

3. **Same—Action Testing Right to Membership on School Board.**

In such a case, when the offices in which said persons have unlawfully intruded are the offices of members of the board of education of an independent school district, the state has such an interest in the subject-matter of the action that the action may be prosecuted in the name of the state as plaintiff.

4. **Same.**

And in such case, where the action is prosecuted in the name of the state, the county attorney may commence and prosecute the action for the state.

5. **Same—Judgment of Ouster Sustained.**

From an examination of the record, we find that the pleadings and the evidence offered in support thereof are sufficient to authorize and justify the judgment of the trial court in ousting the defendants from the offices which they were attempting to fill.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Jess J. Worten, Judge.

Action by the State, on the relation of County Attorney of Osage County, against R. A. Byrd and another. Judgment for plaintiff and defendants bring error. Affirmed.

C. T. Byrd and H. W. Conyers, for plaintiffs in error.

Chas. L. Roff, Co. Atty., Wilson, Murphey & Duncan, and Sands & Campbell, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Osage county by the state of Oklahoma on the relation of Charles L. Roff, county attorney of Osage county, to test the right of the plaintiffs in error to exercise the functions of the office of members of the board of education of the independent school district of the town of Foraker, Osage county, state of Oklahoma.

The facts, as disclosed by the record, show that in 1921 a union graded school district was created, being composed of school districts No. 5 and 10, one of which originally included the town of Foraker, and that about a year later, in 1922, an independent school district was created consisting of the territory included in the corporate limits of the town of Foraker. On the 16th day of March, 1923, A. S. Perryman, who had prior to that time been appointed clerk of said union graded school district, called the annual meeting of said district to be held on March 27th, being the last Tuesday in said month, at which time the appellants were elected as officers of the union graded school district. Dr. Byrd was elected as director and

Mr. Perkins clerk, and now they are attempting to act in the capacity of officers for the independent school district of the town of Foraker.

The cause was tried before the court on the 13th day of October, 1923, and judgment rendered in favor of the plaintiff, ousting said defendants, appellants herein, from the position of members of the board of education of the independent school district of Foraker, which they were attempting to fill, from which judgment of the court, the defendants appeal.

Appellants set forth numerous assignments of error, and argue various propositions, but the paramount question is the right of the plaintiff to maintain the action, and the sufficiency of the pleadings. The evidence in the case is practically agreed upon, the following agreed statement of facts appearing in the record:

"Union graded school district was created and organized about July, 1921. The independent district of the town of Foraker was established about one year later. No petition or order for the addition of the outlying district and territory of the independent school district of the town of Foraker ever had or made. No proceedings of any nature, kind, or character have ever been taken to detach any outlying territory of the independent school district of the town of Foraker. The town of Foraker consists of two and one-half quarters of land. An election was held March 27th, 1923, at which votes were cast by paper ballots thrown into a hat, after which the meeting adjourned. The polls were not held open between the hours of two and six o'clock of that date.

"At this election a number of parties participated consisting of citizens and residents of the town of Foraker and citizens and residents of union graded district No. 1, as it exists or formerly existed.

"W. H. Perkins, one of the defendants, was not at the time of his pretended election, and is not now, a citizen and resident of the town of Foraker, but was and is a resident of what is referred to as the outlying territory.

"R. A. Byrd, one of the defendants, is and was at the time of said election, a resident and citizen of the town of Foraker.

"At a proper date, prior to the election held on March 27th, 1923, to wit on the 16th day of March, 1923, A. S. Perryman posted a proper number of notices of said election in the required number of places, one of which is now offered in evidence and reads as follows:

"'Notice.

"'Annual School Meeting.

"'The annual meeting of school districts Nos. 5 and 10, township Nos. 27 & 28, range No. 7, county of Osage, state of Oklahoma, will be held at the City Building in said district on the last Tuesday in March, 1923, beginning at 2 P. M. and closing at 6 P. M. on said date. If an excess above five mills is required to support the school for the ensuing year, same will be voted at said annual meeting on said date.

"'Dated this 16th day of March, 1923.

"'(Signed) A. S. Perryman, Clerk.

"'Posted this 16th day of March, 1923.'

"The town of Foraker is not now and never has been a city of the first class, but is now, and was at the time of the establishment of the independent school district of the town of Foraker, an incorporated town of Osage county.

"A. S. Perryman was at the time of the election referred to, and now is, a resident of the town of Foraker, and is a member of the board of town trustees, elected at an election in the said town of Foraker in April, 1923.

"There was a bonded indebtedness against school districts 5 and 10 at the time they consolidated in union graded district No. 1, and that some part of that indebtedness still exists as a liability against the present school district organization."

"That the notices were posted either at what was formerly the union graded district No. 1, that was one notice was posted there, and four of said notices were posted in what is the town of Foraker, one notice being posted in the other parts of the district."

The first proposition urged by appellants is that the petition does not meet the plain requirements of the statutes. Section 460, Comp. Stat. 1921, being quoted as follows:

"* * * Whenever the action is brought against a person for usurping an office by the attorney general or county attorney, he shall set forth in the petition the name of the person rightfully entitled to the office, and his right of title thereto * * *"

—being a section found under the chapter of our statutes on quo warranto; and also contend that the allegations of plaintiff's petition wherein the defendants, appellants herein, are charged with usurping the functions of members of the board of education is purely a legal conclusion and wholly insufficient to state a cause of action and in that particular cite 32 Cyc. 1448. In replying to this contention the appellee cites the case of Conwill v. Eldridge, 71 Okla. 223, 177 Pac. 79, and calls attention to the fact that section 460, Comp. Stat. 1921, was adopted from the state of Kansas, and that the con-

struction placed on said statutes by that court, at the time of its adoption, should be followed in this state as held in the case of Conwill v. Eldridge, supra, and cites the case of Bartlett et al. v. State of Kansas, 13 Kan. 99, wherein that court placed an interpretation upon section 460 of our stattutes as follows:

"It is claimed that the petition below does not state facts sufficient to constitute a cause of action, and the only reason given therefor is that the action is not prosecuted in the name of the real party in interest. Now, as we have before stated, any individual in this state entitled to hold an office has such an interest therein that he may maintain an action in the nature of quo warranto to oust any intruder therefrom, and he may maintain the action in his own name, and not in the name of the state. But this right of action on the part of the individual does not oust the state of its right of action. Their separate rights of action are founded on separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is interested in the good government and general welfare of its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person; and the protecting care of the state extends to cities of the third class as well as to any other portions of its territory. In this particular case, however, it is not shown that any person is entitled to hold any one of said offices. Why this is so is not stated. Perhaps the persons elected to fill said offices have refused to qualify or have died, or resigned, or removed from the city. But whatever may be the reason, and whether the reason is sufficient or not, still the power of the state to remove intruders from office, is ample. Where there is some person entitled to hold the office, the county attorney may commence the action in the name of the state, but in such case 'he shall set forth in the petition the name of the person rightfully entitled to the office, and his right or title thereto.' Laws, 1871, sec. 2 (sec. 460, C. S. 1921). But where no person is entitled to hold the office, he may still commence the action in the name of the state, but simply stating, as the county attorney has done in this case, that no person is entitled to hold the office. We suppose that it will hardly be claimed that where there is no individual who can commence an action to oust an intruder from office that the state is also powerless in the matter; we suppose it will hardly be claimed that where there is no individual who is competent to bring the action, the people of a city may be governed by usurpers and intruders without any legal means for relief."

The Supreme Court of the state of Kansas held that where there is no person entitled to hold the office the county attorney may still commence action in the name of the state, and in this case the county attorney alleges in his petition that at the time of the institution of this suit there was no person occupying or filling the office of the members of the board of education of the town of Foraker, and that the entire membership of said board was now vacant. We think the construction placed upon the statute heretofore referred to by the Kansas court is a reasonable and correct construction of the section, and as said by the court in the Bartlett Case, supra:

"The state may prosecute the action because it is interested in the good government and general welfare of its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person."

We think this authority is decisive of the question here raised, and that the trial court was correct in holding that the county attorney might institute the suit in the name of the state, and that where an officer had been duly elected to fill the office the cause may be maintained, nevertheless, by the state.

Appellants second contention is to the effect that the petition only states conclusions of law so far as the usurpation of the office by the defendants is concerned, but from an examination of the pleadings, we find the following language as contained therein:

"* * * Have wrongfully and without authority of law obtained and kept and are now keeping the books and office paraphernalia of such board of education; are claiming and holding themselves out to be officers of said independent school district; are issuing warrants on the funds of such school district without authority of law and are attempting to appropriate and disburse funds of said district illegally, unlawfully and without authority of law."

This occurs to us as a good allegation of fact, if proven, amply sufficient to justify the ousting of the appellants from the position which they were attempting to usurp. The appellants further contend that the judgment was not supported by the evidence, and was contrary to law, but we find no merit in this contention. As we view it, the agreed statement of facts clearly shows that the plaintiff, appellee herein, is entitled to relief sought. It is agreed that the union graded school district is an organized and existing district, and that the independent district of the town of Foraker is likewise

duly organized, and existing. A. S. Perryman was the duly qualified and acting clerk of the union graded school district, and as such called the annual meeting, and while he designated it as a district meeting of districts Nos. 5 and 10, being the original districts out of which both of the districts of the district, with which we are concerned, were carved and created, it is self-evident that it was in fact a meeting of the district of which he was clerk, to wit, the union graded school district. He had no authority to call a meeting of any other district, and there is nothing contained in the record that would indicate that he had any right to act at any time as an officer of the independent district of the town of Foraker, and the defendants, appellants here, having been elected at the meeting heretofore referred to, and called by the said Perryman, as clerk of the union graded school district, certainly would have no authority to act for the independent school district of the town of Foraker. And we therefore recommend that the case be affirmed.

By the Court: It is so ordered.