## STATE ex rel. COMMONS, County Atty., v. CONSUMERS GAS CO.

No. 19463. Opinion Filed Dec. 16, 1930.

A. L. Commons and Wm. M. Thomas, for plaintiff in error.

Robt. D. Garver and Dyke Ballinger, for defendant in error.

DIFFENDAFFER, C. This is an action brought by the plaintiff in error, hereinafter referred to as plaintiff, against the defendant in error, herein after referred to as defendant, to cancel or have declared invalid an alleged franchise granting defendant the right to use the streets, avenues, alleys, and other public grounds in the city of Miami, Okla., for the distribution of gas to said city and its inhabitants.

By the amended petition of plaintiff, two grounds or reasons are set forth for the cancellation or annulment of the franchise. Defendant demurred to the amended petition on the ground, with others, of a defect of parties plaintiff.

The court sustained the demurrer, and in the journal entry stated:

"That said demurrer should be sustained on the grounds of defect of parties plaintiff and that the city of Miami, Ottawa, is a necessary party plaintiff.

"It is therefore, considered, ordered, and adjudged by the court, that the demurrer of defendant to the petition of plaintiff be and the same is hereby sustained on the grounds of the defect of parties plaintiff."

Plaintiff elected to stand upon the amended petition, and judgment was accordingly entered for defendant. From such ruling and judgment, plaintiff appeals.

The sufficiency of the petition to state a cause of action, other than as to the necessary parties plaintiff, is not presented nor here considered.

It is contended by plaintiff that the court erred in holding that the city of Miami was a necessary party plaintiff, and sustaining the demurrer because of a defect of parties plaintiff. With this contention, we are inclined to agree.

It is suggested by defendant in its brief that, inasmuch as the writ of quo warranto, and proceeding by information in the nature of quo warranto, are abolished (section 458, C. O. S. 1921), and the remedies heretofore obtained in those forms are provided for by civil action, such action can only be brought by the real party in interest, and that the city of Miami, being the real party in interest, is a necessary party plaintiff in this action; that is, defendant contends that the city of Miami must bring the action itself, or, at least, in conjunction with the state.

A number of authorities from other jurisdictions are cited by both parties in support of their respective contentions. Defendant relies largely upon the case of City of Olathe v. M. & K. Interurban Ry Co. (Kan.) 96 Pac. 42, wherein, under a statute identical with section 460, C. O. S. 1921, it was held that the city of Olathe was a proper plaintiff in an action of this nature. Section 460, supra, in part, provides:

"When the action is brought by the Attorney General, or the county attorney of any county, of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state, but where the action is brought by a person claiming an interest in the office, franchise, or corporation, or claiming any interest adverse to the franchise, gift, or grant, which is the subject of the action, it shall be prosecuted in the name and under the direction, and at the expense of such person."

Under the authority of City of Olathe v. M. & K. Inter. Ry. Co., supra, we doubt not that the city of Miami is such a "person" within the meaning of section 460, supra, having any such interest adverse to the franchise that would authorize it, if it so desired, to prosecute the action in its name

and under its direction and at its expense. But it does not necessarily follow that the state could not prosecute such action without being joined by the city.

While the writ of quo warranto has been abolished as stated above, the ancient remedies secured by that writ have been preserved. Section 2, art. 7 of the Constitution provides that the Supreme Court shall have power to issue writs of quo warranto, and section 10 of the same article confers a like power upon district courts, or any judge thereof.

In Newhouse v. Alexander, 27 Okla. 46, 110 Pac. 1121, it was held:

"The constitutional convention, by providing in article 7, sec. 2, Const., that the Supreme Court, and in section 10 of the same article, that the district courts, shall have power to issue writs of quo warranto, looked rather to the substance than to the form, and simply meant not so much to give those courts power to issue writs of a prescribed form, but to solemnly fix the ancient remedies secured by that writ, and leave it to the Legislature to prescribe any new process or procedure to invoke those remedies in the courts, and to amplify and extend the remedies theretofore obtainable in the form of the ancient writ."

Thus the right of the state to pursue the remedy secured to it by the ancient writ is held to have been preserved. Section 460, supra, was construed by the Supreme Court of the state of Kansas, from which state it was adopted by the territory of Oklahoma before statehood, and prior to such adoption, in Bartlett v. State of Kansas, 13 Kan. 99. That was a case involving the right to hold an office, but the question there, as here, involved the preservation of the remedy secured by the ancient writ of quo warranto. It was there held:

"1. Where an action in the nature of a quo warranto has been commenced by the county attorney, in the name of the state of Kansas, for the purpose of ousting from office certain persons who have unlawfully usurped certain offices, there is no defect of parties plaintiff.

"2. In such a case, when the offices into which said persons have unlawfully intruded are the offices of mayor, police judge, and city council of a city of a third class, the state has such an interest in the subject-matter of the action that the action may be prosecuted in the name of the state as plaintiff.

"3. And in such a case, where the action is prosecuted in the name of the state, the county attorney may commence and prosecute the action for the state."

In the body of the opinion, it was said:

"Now, as we have before stated, any individual in this state entitled to hold an office has such an interest therein that he may maintain an action in the nature of quo warranto to oust any intruder therefrom, and he may maintain the action in his own name and not in the name of the state. (Laws of 1871, page 277, sec. 2.) But this right of action on the part of the individual does not oust the state from its right of action. Their separate rights of action are founded upon separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is interested in the good government and general welfare of all its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person."

Bartlett v. State, supra, was quoted with approval and its holding followed in Byrd v. State ex rel. Roff, Co. Atty., 99 Okla. 165, 226 Pac. 362. It was therein held:

"Where an action in the nature of a quo warranto has been commenced by the county attorney, in the name of the state of Oklahoma, for the purpose of ousting from office certain persons who have unlawfully usurped certain offices, there is no defect of parties plaintiff"

—and:

"In such a case, when the offices in which said persons have unlawfully intruded are the offices of members of the board of education of an independent school district, the state has such an interest in the subject-matter of the action that the action may be prosecuted in the name of the state as plaintiff."

In the body of the opinion, it is said:

"We think this authority is decisive of the question here raised, and that the trial court was correct in holding that the county attorney might institute the suit in the name of the state, and that where no officer had been duly elected to fill the office, the cause may be maintained, nevertheless, by the state."

We can see no difference in principle between the question there presented and the one here involved.

If it is the duty of the state to see that no intruder shall usurp and hold an office in a municipality, it would seem clear that a like duty devolves upon the state to see that no intruder shall unlawfully occupy the streets, avenues, etc., of a city under the guise of a franchise which can only be granted by authority of the state.

The city of Miami could prosecute the action because of its interest adverse to the franchise. The state could prosecute the action because it is interested in the good government and welfare of its citizens. Its right so to do has been preserved.

The city and the state could join in the action, but the state is not deprived of its right to prosecute because the city fails or refuses to prosecute or fails or refuses to join with the state.

For the reason stated, the cause should be reversed and remanded, with directions to set aside the order sustaining the demurrer.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.