### HACKNEY et al. v. CITY OF GUTHRIE et al.

No. 24164. April 2, 1935.

Wilcox & Swank and Darrough & Foster, for plaintiffs in error.

Karl F. Griffith, Marshall Newcomb, Blakeney & Ambrister, and Harry F. Brown, for defendants in error.

RILEY, J. This is an appeal from an order sustaining a demurrer to the petition of plaintiff and dismissing the cause in an action brought by plaintiff against the city of Guthrie, H. T. Anderson, mayor, and other officers of said city to enjoin said city, the mayor, board of councilmen, the city clerk and city manager from enacting an ordinance granting a franchise to the Guthrie Gas Service Company, a corporation, and to declare an election theretofore held on the question of granting such franchise illegal, null, and void.

The action was brought by Lizzie Hackney, Mrs. Charles C. Smith, and John Hanson.

The petition alleged, in substance, that plaintiffs Mrs. Charles C. Smith and John Hanson were resident taxpayers of the city of Guthrie, and that plaintiff Lizzie Hackney was a taxpayer of said city, and that all were large stockholders of the Western Service Corporation, a corporation then engaged in buying, selling, and distributing gas under an existing franchise granted by said city; that said city was operating under a special charter theretofore adopted, and the petition set out the office held by each individual defendant under said charter; that on the 26th day of May, 1932, there was filed with the city clerk an initiative petition, petitioning that a proposed franchise ordinance be submitted to the legal voters of the city, which ordinance would grant a franchise to the Guthrie Gas Service Company, a corporation, authorizing it to construct, operate, and maintain a gas distributing system in said city for the purpose of buying, selling, and distributing gas for light, heat, and power to said city and its inhabitants, for a period of 25 years, and to use the streets, etc., of said city for its mains, etc., for that purpose; that the city clerk had issued her certificate to the sufficiency of said petition, and that the mayor and councilmen had called an election on said petition, which election was held on September 20, 1932; that upon the face of the returns of said election 3,327 votes were cast on said proposition, 1,717 in favor and 1,610 against said proposition.

The petition then alleged with great detail, fraud in the matter of holding said election in that the Southern Gas Service Company had entered into a conspiracy with certain persons unknown to plaintiff for the purpose of influencing the vote at said election, and that pursuant thereto the registration books for registration of voters were illegally opened at times and in a manner not provided by law, whereby more than 500 names were illegally placed upon the registration books; that said gas service company, its servants, agents, and employees had conspired with persons unknown to plaintiff, and illegally paid approximately 600 voters sums ranging from $1.50 to more than $2, upon a promise of said voters to vote for said petition; that said company brought into said city from outside the limits thereof persons who were not legally entitled to vote in said election and caused them to be illegally registered and procured them to vote affirmatively on said proposition; that large numbers of agents, servants, and employees of said gas service company openly worked and solicited votes within the booths of the voting places within less than 300 feet from the booths in open violation of the election laws. And that said gas service company had procured illegal transfers of registrations from one precinct to another.

That as a result of said unlawful conduct of said company, its servants, agents, and employees and others influenced by it, and through such conspiracy, more than 1,000 votes were obtained in the affirmative on the proposition submitted, and but for such unlawful acts the proposition would have lost and not carried at said election;

322

that on account of such unlawful acts and conduct such election was null and void.

That by reason thereof defendants had no legal right or authority to adopt an ordinance or grant the franchise.

A temporary restraining order was issued by the county judge in the absence of the district judge.

Thereupon U. W. Vampner, W. P. Young, Walter Long, W. E. Coats, and Ralph Deming, alleging that they were legally qualified taxpaying voters in said city, and signers of the initiative petition and interested in having said franchise granted and the will of the voters carried out, and further alleging that the parties made defendant in the action were all opposed to granting the franchise and that they were advised that said defendants would make no defense of said action, prayed and were granted leave to intervene as parties defendant.

They filed the demurrer, and their right to defend is not questioned.

The demurrer was:

(1) "That the court has no jurisdiction of the subject of the action."

(2) "That plaintiffs have no legal capacity to sue in said action."

And:

(3) "That the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants, city of Guthrie, and its officers," naming them.

The demurrer was sustained, and plaintiffs electing to stand upon their petition, the action was dismissed and plaintiffs prosecute this appeal.

Section 5(a), art. 18, of the Constitution provides that no municipal corporation shall ever grant, extend, or renew a franchise without the approval of a majority of the qualified electors residing within its corporate limits, who shall vote thereon at a general or special election, and that the legislative body of any such corporation may submit such matter for approval or disapproval at any general election, or call a special election for such purpose at any time upon 30 days' notice.

Section 5(b) provides that whenever a petition signed by a number of qualified electors of any municipal corporation equal to 25 per centum of the total number of votes cast at the next preceding general municipal election, demanding that a franchise be granted, extended, or renewed, shall be filed with the chief executive officer of said corporation, the chief executive officer shall within ten days thereafter call a special election at which he shall submit the question whether or not such franchise shall be granted, extended, or renewed, and if at such election, a majority of the voters voting thereon shall vote for the grant, extension, or renewal, the same shall be granted by the proper authorities at the next succeeding regular meeting of the legislative body of the city.

By the provisions of chapter 44, S. L. 1907-08, now chapter 30, sec. 5867 et seq., O. S. 1931, the initiative and referendum provisions of article 18 of the Constitution, as to municipalities, were fully vitalized. Mayor of the City of Pawhuska v. Pawhuska Oil & Gas Co. et al., 28 Okla. 563, 115 P. 353. Therein it was held that under the provisions of section 5(b), art. 18, of the Constitution, it was the mandatory duty of the proper authorities to grant the franchise petitioned for after it had been voted to be granted by a majority of the qualified electors voting thereon, and that the writ of mandamus is available to require the performance of such duty.

There is no specific provision of law whereby the validity of the election so held may be contested. The proper authorities of the municipality have no discretion in the matter. The Constitution requires that the franchise be granted when voted, and that at the next regular meeting of the legislative body.

It is and must be conceded that the general rule is that a municipal corporation, in the exercise of legislative power in relation to the subjects committed to it, can no more be enjoined than can the Legislature of the state, and that the restraining power of the court should be directed against the enforcement rather than the passage of orders and resolutions or ordinances by municipal corporations. 32 C. J. 262, par. 412.

But plaintiffs rely on exceptions to the rule which have been recognized.

The case of City of Norman et al. v. Allen et al., 47 Okla. 74, 147 P. 1002, is cited and relied upon as supporting an exception to the effect that if the ordinance, the passing of which is sought to be enjoined, is not within legislative discretion of the municipal body, there may be no question as to the jurisdiction to grant an injunction. Such an exception is stated as being rec-

ognized in paragraph 412, 32 C. J. 262, supra.

An examination of the cases cited in support of such exception will show that they are cases where the municipal authorities were about to enact ordinances embodying provisions not within the legislative discretion of the municipal body, because beyond the power granted to such legislative body or prohibited by some provision of superior state statute.

Such was the case in City of Norman v. Allen, supra. There the city council was about to incorporate in a special paving assessment ordinance, provisions prohibited by the statute authorizing such public improvements, one of which was to deny the property owners affected the privilege of paying the amounts of their respective assessments, without interest, within 30 days from the date of the passage of such ordinance. Another of which, thus requiring such owner to extend their payment over a period of ten years, with interest, while the statute authorizing the assessment provided that for a period of 30 days after the passage of the assessing ordinance the whole of said assessments might be paid without interest, and specifically required that the assessing ordinance should so provide.

Another was a provision requiring the owner to pay interest on the amount of the assessment for nearly three years before the passage of the assessing ordinance, whereas the state statute provided that the assessments should draw interest "from the date of the assessing ordinance."

In other words, the proposed city ordinance the passage of which was there enjoined was in express violation of the state statute authorizing an assessing ordinance. It was for that reason that the court concluded that the ordinance there involved was not within the class of ordinances the passage of which courts of equity may not enjoin.

It was for like reason the court affirmed the judgment of the lower court in enjoining the publication of an ordinance repealing an assessing ordinance in City of El Reno et al. v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163. In the latter case the ordinance involved was not one required to be enacted.

The correct rule and the proper exception with its proper limitations. as we view it, is stated in 2 McQuillin on Municipal Cor-

porations, as quoted in City of Norman et al. v. Allen et al., supra:

"Ordinarily the passage of an ordinance is a legislative act which a court of equity will not enjoin."

And.

"The exception to the rule would seem to be limited to cases where the governing body of the municipality has no power to act on the particular subject legislatively at all, or where the threatened act is not legislative, but purely ministerial, or where such body is clothed with certain powers, but threatens to go beyond or outside of such powers, and thereby invade the property or property rights of complainant."

There is no allegation in the petition in the instant case which brings the question of granting the franchise within the exception stated.

Plaintiffs contend that there is no statutory provision for the contest of an election held on the proposition of granting or denying a franchise, and that there is therefore no adequate remedy other than injunction.

In this they are in error.

The power under the Constitution and laws of this state to grant or refuse a franchise of the nature of the one here involved is not in the legislative body of the municipality, but is vested in the legally qualified voters residing within the municipality. It is theirs to give or refuse, and it is their will, expressed at an election held for that purpose that must prevail. The question of the validity of the franchise after it has been granted may, of course, depend upon the validity of the election at which the will of the voters is expressed. There are ample provisions whereby the validity of the franchise may be determined.

In State ex rel. Commons v. Consumers Gas Co., 147 Okla. 18, 293 P. 1019, it is held that an action to test the validity of a franchise to use the streets may be prosecuted by the state, though the city fails or refuses to join.

It is stated therein that the city could prosecute the action because of its interest adverse to the franchise, the state could prosecute the action because it is interested in the good government and welfare of its citizens, or that the state and city would join in the action.

State ex rel. Morgan, Co. Atty., v. City of Newton et al. (Kan.) 23 P. (2d) 463, is a case where the validity of a franchise

granted under conditions similar to those set out in this action, and where the question of alleged invalidity of the election on grounds of alleged corruption, etc., are somewhat similar, though hardly as strong on the question of bribery of voters, etc., and it was there held:

"Action questioning validity of gas franchise granted by city because of alleged illegal and corrupt practices at election could be maintained by state on relation of county attorney."

And:

"In action questioning validity of gas franchise granted by city because of alleged corrupt practices at election, petition containing allegation that defendant paid or offered to pay electors to give or withhold their votes at election held to state cause of action."

The order sustaining the demurrer and dismissing the action was clearly correct, and the judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.