McGOWEN et al. v. BOARD OF ED. of UNION GRADED SCHOOL DIST. NO. 25 et al.

No. 29698.   April 8, 1941.

*112 P. 2d 355.*

L. E. Mifflin and H. P. Hosey, both of Idabel, for plaintiffs in error.

Ed Shipp and I. C. Sprague, both of Idabel, for defendants in error.

PER CURIAM. This action was commenced in the district court by certain citizens of union graded school district No. 25 and the board of education of independent school district No. 74 of McCurtain county, Okla., and was a proceeding instituted against the board of education of union graded school district No. 25 and consolidated school district No. 13 in said county. The purpose of the action was to avoid the effect of an election held in response to a call by the county superintendent for the purpose of forming a consolidated district by joining the territory embraced within two dependent districts and is prosecuted for the ostensible purpose of defeating the consolidation.

The trial court sustained a demurrer to the petition on the sole ground that the plaintiffs were without legal capacity to maintain the action; that such suit could be instituted and prosecuted only by the Attorney General or the county attorney of McCurtain county. This is the only error assigned on appeal.

We are of the opinion, and hold, that the order sustaining the demurrer must be affirmed. In Dowell v. Board of Education, 185 Okla. 342, 91 P. 2d 771, this court passed upon a similar situation. Under the authority of that decision it appears that the plaintiffs cannot maintain this action. They have no voice in the affairs of the school district except in those matters designated by the statutes. A school district is a subordinate agency of the state. The only agency authorized to object to the proceeding, authorized by the election, is the State of Oklahoma. Dowell v. Board of Education, supra.

The order sustaining the demurrer is affirmed.

CORN, V. C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.