CITY OF BETHANY v. MASON et al.

No. 34001. Sept. 28, 1949.

*210 P. 2d 353.*

C. C. Andrews, Brown, Darrough & Ball, and Priest & Belisle, all of Oklahoma City, for plaintiff in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

O'NEAL, J. This action was commenced in the district court of Oklahoma county by the city of Bethany, a city of the first class, against Albert Mason, T. J. Johnson, Jr., O. W. Gatlin, George Lyons, W. B. Morrison, O. T. Whittaker, M. R. Black, T. A. Roberts, and D. F. Cooley. The action was commenced under 12 O. S. 1941 §§1531 to 1538, inclusive, to determine whether defendants have the right to exercise the functions of city officers of an organized city of the first class, and to exercise and perform such functions over territory, and the inhabitants thereof, alleged to have been previously annexed to the city of Bethany.

Plaintiff's amended petition alleged that on January 6, 1948, the city council of the city of Bethany, at a regular meeting, passed a resolution (motion) by which it started proceedings to annex to said city certain territory described as "West Park Addition," "Amended Plat of Smythe Place Addition," "Wheeler Second Model Addition," "Warr Acres Addition," and "Ferguson Park Addition," and instructing the city attorney to prepare ordinances to complete the boundary extensions; that before said ordinances could be adopted, and subsequent to January 6, 1948, C. B. Warr, for himself and on behalf of others similarly situated, and for the sole purpose of preventing the consummation of said annexation proceedings, filed a suit in the district court of Oklahoma county against the city of Bethany et al., to restrain and enjoin said city council from completing said annexation proceedings, and on January 9, 1948, obtained a temporary restraining order, restraining the city of Bethany, its mayor and councilmen, from taking any steps for the enactment of any ordinances leading to said annexation; that the issuance of said restraining order was meant to and did have the effect of preventing the mayor and city of Bethany from completing said annexation proceedings until the city of Bethany commenced proceedings in the Supreme Court to prohibit the district court of Oklahoma county from assuming or asserting any jurisdiction in the action seeking to restrain or enjoin the legislative functions of said city council in completing said annexation proceedings; that on February 14, 1948, the Supreme Court granted a writ of

prohibition and that thereafter due and proper ordinances were presented to and legally adopted by the city council of Bethany and approved by the mayor annexing said territory to said city of Bethany. Copies of the four ordinances were attached to the amended petition.

The amended petition further alleged that immediately after obtaining said restraining order, and while same was in full force and effect, said C. B. Warr, acting for himself and on behalf of others similarly situated, proceeded to circulate a petition for the incorporation of a city of the first class by the name of "Warr Acres," which included the same territory included in the four ordinances annexing the above territory to the city of Bethany.

The amended petition by reference made all the incorporation proceedings undertaken by C. B. Warr et al., for the incorporation of a city of the first class, a part of said amended petition, including the proclamation calling the election to be held in the city of Warr Acres and the proclamation declaring Warr Acres to be a city of the first class.

It further alleged that the proclamation calling said election has, since its execution by the Governor, been changed by interlineation so as to eliminate blocks 2, 5 and 8 of West Park Addition to the city of Bethany. The amended petition then alleged:

"Plaintiff further states that the defendant, Albert Mason, is pretending to be and is acting as the Mayor of said so-called Warr Acres, and T. J. Johnson, Jr., O. W. Gatlin, George Lyons, W. B. Morrison, O. T. Whittaker, M. R. Black, T. A. Roberts and D. F. Cooley are pretending to be and are assuming to act as members of the city council of said alleged town of Warr Acres above referred to, and that the defendant, Max Danvers, and the defendant, B. H. Easton, are pretending to be and are assuming to act as City Treasurer and City Clerk, respectively, of said pretended town of Warr Acres;

"That said pretended organization of Warr Acres was and is in violation of the constition (sic) and laws of this state for the following additional reasons, to wit:

"That the council of the city of Bethany previously thereto had taken official action for the annexation of said area to the said city of Bethany and that the area purported to be included in said alleged town of Warr Acres did not contain a population of 2,000 inhabitants as required by the statutes and Constitution of this state unless it included the densely populated area and additions hereinabove described as annexed to the city of Bethany as set out in Exhibits A, B, C, D, E, and F, and if said area so duly annexed to the city of Bethany is excluded from the area of said alleged Warr Acres it would leave a population in said purported Warr Acres of far less than the minimum required by the statutes and Constitution of this state;

"That no legal official census was taken as required by law and as defined by the statutes of this state on which any petition for incorporation of a city of the first class could be based;"

As further grounds for invalidity of the incorporation of the city of Warr Acres, the amended petition alleged, in substance, that a substantial part of the area included in the said Warr Acres was not platted in any manner into lots and blocks, including one tract of approximately 24 acres located in the northeast corner of section 16, township 12 north, range 4 west, standing in the name of C. B. Warr; another tract of 10 acres situated in the southeast corner of the northeast quarter of section 16, township 12 north, range 4 west; the northeast quarter of section 2, township 12 north, range 4 west; the area described as McMullen's Addition and the east half of the southeast quarter of section 9, and the west half of the southwest quarter of section 10.

The amended petition further alleged:

"That said pretended incorporation of said Warr Acres was illegal and void in that it did not have a proper

petition signed by 35% of the qualified electors as shown by the last preceding general election residing within the territorial limits as prescribed in said petition and that it was wholly impossible to ascertain and determine the number of qualified electors in the area in question as shown by the last preceding general election for the reason that said area had never been included in separate and distinct voting units where the said qualified electors could be definitely ascertained and determined;

"Plaintiff further alleges and states that the defendants hereinabove named pretend and claim to hold and occupy the respective offices of mayor and city council of said pretended town of Warr Acres and as such, are pretending to perform the duties and exercise the functions imposed by law upon such legally constituted city officials of a legally incorporated city of the first class but that the said Warr Acres is not and never has been a legally organized and constituted municipal corporation of a city of the first class of the state of Oklahoma, and that the pretended franchise of the said Warr Acres is wholly null and void and said defendants are usurping the franchise to be a corporation and they are illegally intruding into and unlawfully holding and unlawfully attempting to exercise the franchise and rights of such pretended offices and attempting to exercise duties and functions of such respective offices as if it were a legally incorporated city of the first class;"

The prayer is:

"Plaintiff, therefore, prays that judgment be rendered herein decreeing that the defendants and each of them above named are usurping the franchise to be a corporation and are illegally and wrongfully claiming to hold and occupy the respective offices of Mayor and City Council, Clerk and Treasurer of a duly and legally incorporated city of the first class, and that they be ousted for wrongfully and illegally usurping said offices and functions and that it be judicially declared that the purported city of Warr Acres has no legal entity or existence and was never legally incorporated, and that said offices have no legal existence and that the defendants be ousted from the performance of pretended functions thereof, especially and particularly insofar as said acts and functions relate to or affect any of the additions covered by said ordinances of the City of Bethany, and for any other and further relief to which the plaintiff may show itself entitled."

To the amended petition defendants filed a demurrer upon the grounds: (1) That said amended petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendants or either of them, and (2) "said defendants further demur for the reason, and upon the grounds that the amended petition, if it states a cause of action, which is denied, states a cause of action in the nature of quo warranto, and that plaintiff is not a proper party to institute or maintain such an action."

The trial court entered an order sustaining the demurrer as follows:

". . . the Court is of the opinion that the plaintiff, the City of Bethany, a Municipal corporation, is not a proper party and is without authority to bring an action of the nature of the action sued on by the plaintiff, and for that reason the demurrer should be sustained.

"The Court is of the further opinion that the sustaining of the demurrer on the ground of the incapacity of plaintiff to sue disposes of the case and refuses to pass upon the other matters raised by the demurrer.

"It is therefore considered, ordered and adjudged by the Court that the demurrer of the defendants to plaintiff's petition on the ground of the incapacity of plaintiff to bring this action be, and the same is hereby sustained and said cause dismissed."

From the order sustaining the demurrer and dismissing the action, plaintiff appeals.

Plaintiff in its brief concedes that the only issue in this case is the capacity of plaintiff to maintain the action

on the allegations of the amended petition. The amended petition assails the corporate existence of Warr Acres as a municipal corporation on at least five different grounds:

First, because the proceedings under which Warr Acres was incorporated were commenced and carried on after the city of Bethany had instituted proceedings for the annexation to that city of certain territory included within Warr Acres, and was carried on while there was in effect a restraining order restraining the city of Bethany from completing said annexation, which restraining order was finally vacated by the Supreme Court.

Second, because Warr Acres did not contain a population of 2,000 inhabitants, excluding the disputed territory.

Third, because no legal official census was taken, as required by law and defined by the statutes upon which any petition for incorporation of a city of the first class could be based.

Fourth, because some four tracts or parcels of land containing more than five acres which were not platted into lots and blocks were included in said city of Warr Acres.

Fifth, because there was no proper petition signed by 35 per cent of the qualified electors residing within the territorial limits set forth in the petition as shown by the last general election.

The prayer was for a judgment decreeing that defendants, and each of them, are usurping a franchise to be a corporation, and wrongfully claiming to hold and occupy the respective offices of mayor, city council, and treasurer, and that it be judicially declared that the purported city of Warr Acres has no legal existence, and was never legally incorporated, and that said officers have no legal existence, and that defendants be ousted from the pretended functions thereof, especially and particularly insofar as said acts and functions relate to or affect any of the additions covered by said ordinances of the city of Bethany, and for any other and further relief to which the plaintiff may show itself entitled.

The authorities appear to agree that an action of the nature of the one here involved may be maintained only by the state on the relation of the Attorney General, or by the state on relation of the county attorney in which the territory involved is located.

Where the municipality is at least a de facto corporation, the validity of its ordinances and corporate existence can be questioned only by the state in a direct proceedings such as quo warranto brought through the instrumentality of the Attorney General or other officer or person authorized to invoke the remedy. 43 C. J. p. 99.

"The doctrine of de facto municipal corporations is generally recognized in the United States. The doctrine is that where there is authority in law for a municipal corporation, the organization of the people of a given territory as such a corporation under color of delegated authority, followed by a user in good faith of the governmental powers incidental thereto, will be recognized by the law as a municipal corporation de facto, wherever through failure to comply with statutory requirements the corporation cannot be said to exist de jure." 37 Amer. Jur. Municipal Corporations, §11.

"Under the doctrine of de facto existence of municipal corporations, the validity of an incorporation and the legal existence of the municipality cannot be questioned on account of irregularities in the proceedings in any action between private persons or between the municipality and a private citizen, even if the action involves the validity of an interference with private rights by virtue of such incorporation as drastic as the levy of a tax, the taking of land by eminent domain, or imprisonment for the violation of a penal ordinance, but can be attacked only in a proceeding brought for that purpose

by the state." 37 Amer. Jur., Municipal Corporations, §13.

State ex rel, McFadyen, Co. Atty., v. Holtzclaw et al., 151 Okla. 163, 2 P. 2d 1022, is a case where the right of a school district to exist as a legally existing school district and the rights of Holtzclaw et al. to act as officers of said school district was an issue, and wherein a decree was sought declaring the organization of said school district to be illegal and void, and that said pretending officers be declared to be without any legal authority to act as officers of said school district. Therein it is held:

"An action in the nature of quo warranto under sections 459 and 460, C. O. S. 1921, to challenge the validity of a corporate school district and the ousting of official usurpers, must be brought and prosecuted in the name of the state by its legal representatives, and where the legal representatives do not appeal from the action of the trial court, and do not appear in the Supreme Court in the prosecution of the appeal, held, the appeal should be dismissed as having not been prosecuted by the legal representatives designated by law."

In the opinion it is said:

"The action being of a public nature, must be prosecuted by the Attorney General or county attorney, as provided by section 460, C.O.S. 1921."

In McGowen et al. v. Board of Ed. of Union Graded School Dist. No. 25 et al., 188 Okla. 625, 112 P. 2d 355, the action was commenced by certain citizens of Union Graded School District No. 25 and the Board of Education of Independent School District No. 74 against the Board of Education of Union Graded School District No. 25 and Consolidated School District No. 13, all of McCurtain county. The purpose of the action was to avoid the effect of an election called by the county superintendent for the purpose of forming the consolidated school district by joining the territory embraced within the Union Graded School District No. 25 and

Independent School District No. 74. The petition challenged the validity of the organization of the consolidated school district. A demurrer to the petition was sustained on the sole ground that plaintiffs were without legal capacity to maintain the action and that such action could be instituted and prosecuted only by the Attorney General or the county attorney of McCurtain county. The order sustaining the demurrer was affirmed. Therein in was held that plaintiffs could not maintain the action, and this court said:

"A school district is a subordinate agency of the state. The only agency authorized to object to the proceeding, authorized by the election, is the State of Oklahoma."

Also, see Shore v. Board of Education of Town of Crescent et al., 97 Okla. 273, 223 P. 867, and City of Blackwell v. City of Newkirk et al., 31 Okla. 304, 121 P. 260.

Plaintiff contends that the city of Bethany is entitled to maintain the action under the rules stated in City of Olathe v. Missouri & K. Interurban Ry. Co., 78 Kan. 193, 96 P. 42, and State ex rel. Commons, County Atty., v. Consumers Gas Co., 147 Okla. 18, 293 P. 1019.

The facts are not the same. In City of Olathe case the proceeding was brought by the city of Olathe seeking to forfeit the rights granted by an ordinance of the city to the Interurban Ry. Co., as to certain streets. In State ex rel. Commons, County Atty., v. Consumers Gas Co., supra, the proceeding was to test the validity of the franchise of the city of Miami, purporting to grant to a private corporation the right to use and occupy the streets, etc., of the city for the distribution of natural gas.

In the instant case it is not alleged or contended that defendants are in anyway claiming any rights under any franchise granted by the city of Bethany.

Plaintiff also cites a number of cases holding that if the action be for usurping a franchise by a corporation, it should be against the corporation, but if for usurping the franchise to be a corporation, it should be against the particular persons guilty of the usurpation by assuming to act in a corporate capacity and not against the corporation as such.

These cases do not help us for the reason that the question of proper parties defendant is not involved.

Plaintiff cites no case where validity of the existence of a de facto municipal corporation has been successfully challenged in an action other than one in the name of the State ex rel. Attorney General or ex rel. County Attorney, or other officer authorized to prosecute in the name of the state.

Under the general rule, and the rule uniformly followed in this state in actions of this nature, there was no error in sustaining the demurrer to the amended petition.

Affirmed.