DRAPER v. BOARD OF COUNTY COM'RS OF LATIMER COUNTY.

No. 33704. July 5, 1950.

*220 P. 2d 447.*

Clint Braden, of Wilburton, and M. O. Counts, of Oklahoma City, for plaintiff in error.

Bob Perdue and W. F. Kyle, Co. Atty., Latimer County, both of Wilburton, for defendant in error.

O'NEAL, J. This is an appeal from the judgment of the district court of Latimer county sustaining an order of the board of county commissioners of said county creating or establishing a stock district in said county, pursuant to an election held under the provisions of 4 O. S. 1941 §§101 to 111, inclusive.

This proceeding arose as follows: A petition was circulated, signed and presented to the board of county commissioners of Latimer county requesting said board to hold an election and submit to the voters of a certain described area, or territory, in said county the question of whether swine, sheep and goats should be restrained from running at large in said territory. An election was ordered held as requested in said petition, and thereafter the board of county commissioners canvassed the returns and declared the result to be that there were 136 votes for the restraint and 106 votes against such restraint and creating stock district No. 4 as provided by law.

Virgil Draper, plaintiff in error herein, filed notice of appeal to the district court where a hearing was had resulting in a judgment, or order, confirming the decision of the board of county commissioners, and Draper, after a motion for new trial and amended motion for new trial were overruled, appeals.

The first contention is that there was no notice of the holding of the election published and posted as required by law. The statute, 4 O. S. 1941 §107, provides:

"The board of county commissioners in calling an election as provided for in this Article, shall cause a notice of such action to be published for three consecutive weeks in a newspaper published and of general circulation, in the county in which such election is to be held and cause to be posted in five of the most public places in the stock district in which such election is to be

held, copies of the notice of such election. . . ."

The record shows that a good and sufficient notice of the election to be held Saturday, July 6, 1947, was published in the Latimer County Tribune, a newspaper published and of general circulation in said county, for three consecutive weeks: June 12, June 19, and June 26, 1947. Proof of said publication by the affidavit of the publisher of the newspaper was made. There is no contention that said notice was not sufficient in form or that it was not published as required by law. There was no affidavit or other proof of the posting of the notices in five public places in said district on file in the office of the county clerk when the returns were canvassed. The general rule is: "after an election has been held it may be presumed that due notice thereof was given." 20 C. J. 100, 101.

"In the absence of statute, the posting of election notices is not required to be made a matter of record. It will ordinarily be presumed, in the absence of evidence to the contrary, that an election officer or other official upon whom is imposed the duty of giving notice has performed that duty." 18 Am. Jur., Elections, §111, pp. 249, 250.

At the trial in the district court plaintiff in error undertook to prove that no notices of said election were posted in said district. A number of witnesses testified that they lived within the district, were legal voters therein, and that they never saw any notice posted in said county concerning said election. Thereupon defendant in error presented a witness, Charley Brown, who, over the objection of plaintiff in error, testified that he posted a copy of the same notice which was published in the paper in five public places, naming them, in said proposed district. In his direct examination he did not testify as to the date he posted said notices. But on cross-examination he testified that he posted said notices the same day the notice was delivered to the publisher of the newspaper for publication. That must have been on or before June

12, 1947, for the reason that the notice was first published in the paper June 12, 1947. There was sufficient evidence to show that the notices were posted more than three weeks before the date of the election.

Plaintiff in error contends that the trial court erred in permitting the witness to so testify, and contends that the only valid method of proof of posting notices of election of this character is by the affidavit filed with the board of county commissioners, the same as was done in the matter of publication of notice in the newspaper. But as noted above, that is not necessary in the absence of a statute requiring such proof. There is no such requirement in the statute.

It is further contended by plaintiff in error that the evidence of said witness, Charley Brown, was incompetent for the reason that it was not shown that in posting said notices he was acting at the request or under the direction of the board of county commissioners. The contention is that this evidence is incompetent because the statute provides that the board of county commissioners shall cause to be posted in five of the most public places in the stock district notices of the election. This contention cannot be sustained. The rule appears to be that:

"Where the application for an election is actually published in all the papers specified by law for that purpose, an election will not be held invalid because the direction to publish did not emanate from the proper authority. Similarly, if election notices issue from the proper source pursuant to law, afford the requisite intelligence, and have been displayed in public places for the designated time, it is immaterial who posted them." 18 Am. Jur., Elections, §109, p. 248.

There was no error in admitting said evidence. There was ample proof of publication and posting notices of the election.

It is next contended that the board of county commissioners failed to comply with the law in canvassing the returns. The statute requires elections of this character to be held on Saturday, and provides that the county clerk and board of county commissioners, or a majority of such commissioners, shall meet at the office of the county clerk on the first Friday following such special election and canvass the returns and declare the results. The record shows that the board of county commissioners met at an adjourned meeting on Monday, July 14, 1947, for the purpose of tabulating the votes cast in the election involving said stock district No. 4, and after canvassing and tabulating the votes found and declared the result thereof. The minutes of the county commissioners' proceedings do not affirmatively show that the board met on Friday, July 11th, and adjourned to July 14th, but do show that the meeting of July 14th was an "adjourned meeting." Failure of the board of county commissioners to meet and act on Friday, July 11, 1947, did not deprive the board of the power to act at a later date. The rule appears to be that:

". . . The provisions of an election statute which affect the receiving and recording of the ballot and the canvass of the vote are generally regarded as directory only." 29 C.J.S., Elections, §222, p. 325.

Also:

". . . In the absence of any showing of fraud, however, an adjournment or postponement of the count will not of itself be sufficient to vitiate the return, especially where there is good cause for the delay." 29 C.J.S., Elections, §224, p. 326.

There was no showing of fraud in postponing the canvassing of the returns for a period of three days.

There being no substantial error, the judgment is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.