## COFFEY et al. v. BOARD OF COUNTY COM'RS OF McCURTAIN COUNTY.

No. 34240.   Oct. 30, 1951.

*237 P. 2d 139.*

Lee & Allen, Idabel, for plaintiffs in error.

Finney & Finney, Idabel, for defendants in error.

O'NEAL, J.   This is an appeal from the judgment of the district court of McCurtain county affirming an order of the board of county commissioners in canvassing the returns of an election in a stock district, and declaring the results. The election was held on the question: "Shall domestic animals be restrained from running at large . . . ?"

It appears from the record that on or about July 1, 1948, there was filed in the office of the county clerk of McCurtain county a petition directed to the board of county commissioners of McCurtain county signed by 26 persons, who stated therein that they were freeholders and legal voters of said county, asking that the board of county commissioners establish certain territory therein set forth into a stock district.

Thereafter, on August 2, 1948, the board of county commissioners in regular session heard and considered said petition and entered an order establishing a stock district as follows:

"It is therefore ordered that a stock district bounded as above described shall be and the same is established as stock district No. 17."

Said order was entered on the minutes of the board and was attested by the county clerk under the seal of his office. There was no protest against the petition and no appeal was taken from said order. It further appears that thereafter on or about September 7, 1948, there was filed in the office of the county clerk of McCurtain county a petition directed to the board of county commissioners, signed by certain legal voters of stock district No. 17 in said county, asking that an election be called in said district submitting to the legal voters of said district the question: "Shall domestic animals be restrained from running at large in said district?" September 7, 1948, said petition was heard and considered by the board of county commissioners of McCurtain county in legal session, and order was entered by said board calling an election in said stock district for October 9, 1948, and directing that notice thereof be given by posting notices and publication as required by law. Notice of said election was issued and duly published and posted, as required by law. Said notice fixed the time of holding said election as October 9, 1948; named the place where the election should be held and designated and appointed the judges of said election and directed that the polls be open from 7 o'clock a. m., until 6 o'clock p. m., of said day. The election was held in said district on the date designated and the election officials appointed to hold said election returned to the county clerk their official oaths (one of which was not signed); the original ballots cast in the election, and the two official tally sheets with the following endorsements on each of them:

"For the Proposition: 222 Votes

"Against the Proposition: 16 Votes

"We the undersigned appointed by the Board of County Commissioners in McCurtain County, Oklahoma in and for Stock District No. 17, held therein on the 9th day of October, 1948, do, hereby certify that the above and foregoing is a true and correct tabulation of the votes cast for and against said propositions voted on at said election, we further certify that the total number of ballots received was 600; that the total number of ballots voted was 238; that there were 1 spoiled ballot and unused ballots were 361.

"Dated this the 9th day of October, 1948.
"Charlie Hill,
A. B. Burkes."

On Friday, October 15th, following said election, the board of county commissioners met in the office of the county clerk and entered the following order:

"Order Declaring Results of Election and Restraining Stock from Running at Large:
"State of Oklahoma
"McCurtain County

"Now on this Friday the 15th day of October, 1948 we the undersigned Board of County Commissioners having met at the office of the County Clerk of said county at ten o'clock AM. as provided by law for the purpose of canvassing the returns of the Special election in Stock District No. 17 of said county held therein on the 9th day of October, 1948, hereby certify that we then and there canvassed said returns and find

that there were 222 votes cast for restraining domestic animals from running at large in said District and that there were 16 votes cast against restraining such animils (sic) from running at large in said district.

"We there for (sic) declare that the result of said election was in favor of restraining such animals from running at large in said District, and the Clerk is ordered and directed to record this declaration and determinarion (sic) in his minuets (sic), and said animals are restrained from running at large in said district from this date.

"J. D. Butler, Chairman
"Marvin McDougal, Member
"Major M. Dean, Member.

"Attest:

"Burl Mays, County Clerk."

November 4, 1948, there was filed in the office of the county clerk a "Notice of Appeal" signed by three persons who asserted that they and each of them are freeholders and resident taxpayers with residence within the boundary of said district, and are aggrieved by reason of said order and desire to appeal therefrom. Affidavit of C. D. Wilkinson showing service of said notice on Bud Butler, chairman of the board of county commissioners, was attached. On the same day an appeal bond in the sum of $1,000 was filed and approved. Thereafter, a transcript of the proceedings was filed in the office of the court clerk.

The appeal was heard and considered by the district court of McCurtain county, resulting in findings of the issues in favor of the board of county commissioners, and against the appellants. The following judgment was entered:

"It is therefore ordered, adjudged and decreed that the aforesaid order of the Board of County Commissioners entered herein on the 15th day of October, 1948, declaring the results of the special election in Stock District No. 17, McCurtain County, Oklahoma, and restraining domestic animals from running at large in said district, is hereby in all things affirmed; and the appeal of plaintiffs herein be, and the same is hereby denied."

And plaintiffs, hereinafter referred to as appellants, after unsuccessful motion for new trial, appeal.

It is first contended, in effect, that the board of county commissioners of McCurtain county, had, on October 7, 1913, made its order dividing the entire county into 16 districts numbered 1 to 16, inclusive; that they had thereby exhausted the authority conferred upon them by statute, and they had no law allowing them to take parts of two districts established in 1913 and make a new district No. 17. In other words, appellants assail the validity of the creation and existence of said stock district No. 17. The question is not raised by the attorney for the board of county commissioners, but we seriously doubt the right of appellants, as private citizens, to raise the question of the validity of the order establishing said district, or the existence of said stock district. Apparently, that can be done only in the name of the state, on the relation of the Attorney General, or the county attorney. City of Bethany v. Mason, 202 Okla. 66, 210 P. 2d 333. But counsel for defendants do point out that the question of the establishment of a stock district was not before the board of county commissioners in the matter giving rise to this appeal. The order establishing the stock district was entered on August 2, 1948. No appeal was taken from that order so the same became final. All that was before the board of county commissioners on October 15, 1948, was the question of the convassing of the returns of the election and determination of the result thereof. That was the only matter out of which appellants could be "aggrieved." The contention of appellants is without merit. The question of the validity of the order creating stock district and the legal existence of said district, is not before this court in this appeal.

It is next contended, in effect, by the appellants that the board of county

commissioners did not have enough of the record of said election to permit the board to make a proper canvass of the returns of said election and to determine the result thereof.

4 O. S. 1941 §108, among other things, provides:

"It shall be the duty of such judges to make return of the original ballots cast at such election, the poll books, tally sheets and votes, to the Clerk of the County in which such stock district is situated, within three days after the date of such election, together with the oath taken and subscribed, as above provided, and shall take and subscribe an oath to the correctness of said returns."

Appellants assert that there was no petition available showing the names of the persons asking for the election. The matter of calling the election was not before the board of county commissioners in the proceedings here under review. That action had already been taken and it was not necessary to have the petition for the election before the board of county commissioners in the matter of canvassing the returns. The statute does not require the petition for calling the election to be a part of the election returns.

It is next asserted that there was no poll book showing the names of the voters, and there were no ballot stubs showing the names of the persons who voted. The ballot stubs are not required as a part of the returns. The statute does require that the judges appointed to conduct the election shall make a return of the original ballots cast, the poll books, etc.

"The provisions of an election statute which affect the receiving and recording of the ballots and the canvass of the votes are generally regarded as directory only." 29 C.J.S., Elections, paragraph 222, page 325; Draper. v. Board of County Commissioners of Latimer County, 203 Okla. 257, 220 P. 2d 447.

There is no provision in the statute to the effect that failure to return all the things named in the statute shall vitiate the election.

The board of county commissioners had before it sufficient returns by which the result of the election could readily be determined. There were the tally sheets made by the judges showing the number of votes cast in favor of the proposition (222) and the number of votes cast against the proposition (16). There was also the certificate of the judges that the tabulation was true and correct and that the number of ballots received was 600, and that the number of ballots voted was 238; that there was one spoiled ballot, and that there were 361 unused ballots.

The complaint of appellants is that they did not have an opportunity to examine the poll book to determine whether there was a possibility that some person or persons who were not qualified electors had been permitted to vote in said election. There was no claim made at the hearing and no claim is made in this appeal that any person who was not a qualified voter had been permitted to vote in said election.

There being no substantial error, the judgment of the trial court is affirmed.