Wren WORLEY, Appellant,

v.

STATE of Oklahoma ex rel. Tommy ASBILL, a Taxpayer, and others similarly situated, et al., Appellees.

No. 49276.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 7, 1976.

Released for Publication by Order of Court of Appeals Dec. 30, 1976.

---

John D. Luton, Muskogee, Gene C. Howard, Tulsa, Okl., for appellant.

David Harris, Stilwell, for appellees.

ROMANG, Judge:

This action was filed on relation of the State of Oklahoma by Tommy Asbill as a resident taxpayer of Adair County, and those similarly situated, against the Board of County Commissioners of Adair County, County Excise Board of Adair County, Office of District Attorney, 27th District Attorney District, the Adair County Treasurer, and the officers holding such positions, jointly and severally. The action was brought as a taxpayer suit under 62 O.S. 1971, §§ 372 and 373.

Plaintiff's petition essentially alleged that defendant Wren Worley (Worley) had lost his position as a member of the Board of County Commissioners of Adair County by reason of his being "convicted of felonies [sic] crime" in federal court, that he continues to claim and accept his salary and other benefits, and that the other defendants continue to honor his claims and pay out public funds in violation of law. The plaintiff seeks "judgment against Defendants, jointly and severally, for the unlawfully expended sums, includ-

ing penalty, with interest, for temporary restraining order enjoining further payments and/or transfers pending this action, for immediate suspension from office, for costs, and for such other further relief as may be just and proper herein."

The petition was filed September 19, 1975. On September 22, 1975, the District Court entered *ex parte* an "Order of Suspension From Office" suspending Worley from office. On October 24, 1975 the District Court, again without notice, entered an "Order Declaring Vacancy in Office of County Commissioner." Worley's "Motion to Vacate and Set Aside Order of October 24, 1975 [the order declaring the office vacant]" was heard on December 19, 1975 and overruled "for the reason that the Defendant [Worley] has not been deprived of any substantial right as the Office became vacant by operation of law." On December 30, 1975 plaintiff filed an "Application for a Restraining Order" to restrain Worley from continuing to perform the duties of County Commissioner. Such a restraining order was issued the same day without notice. On January 16, 1976 Worley filed a Petition in Error with the Supreme Court under 12 O.S.1971, § 952(b)2.

## I.

62 O.S.1971, §§ 372 and 373 provide for an action by a resident taxpayer of the county to recover twice the amount of money paid out "in settlement of any claim known . . . to be fraudulent or void . . . ." One-half of the amount recovered goes to the taxpayer-litigant as a reward for recovery of public funds.[1] Before the taxpayer may bring the action, written demand, signed by ten taxpayers, must be made of the proper officials. The statute expressly authorizes the recovery of money or property. In *Bowles v. Neely*, 28 Okl. 556, 115 P. 344 (1911), the Supreme Court held that a district court could enjoin the illegal payment of public funds in such an action. Declaratory re-

lief in civil actions is authorized, even where a party seeks other relief, if "appropriate." 12 O.S.1971, § 1652.

In order to determine whether the defendants were illegally paying out public funds it is necessary for the District Court to determine whether the commission seat held by Worley had been vacated, as provided by law. This decision was a necessary incident to the action authorized by 62 O.S.1971, § 373. Thus a finding of a vacancy or a declaration of such a vacancy was clearly authorized in a § 373 action. But no authority can be found which authorized the District Court in a § 373 action to suspend an official from his position or restrain him from the performance of his duties. ·

Plaintiff relies on 51 O.S.1971, §§ 8 and 24.1. Section 24.1 provides:

"From and after the effective date of this act, any elected or appointed *state officer or employee* who, during the term for which he was elected or appointed, is, or has been, found guilty by a trial court of a felony in a court of competent jurisdiction shall be automatically suspended from said office or employment. Such suspension shall continue until such time as said conviction is reversed by the highest appellate court to which said officer or employee may appeal." (Emphasis added.)

It is argued by plaintiff that the phrase "state officer or employee" includes county commissioners in that they exercise the police powers of the state. *State v. Linn*, 49 Okl. 526, 153 P. 826 (1918). Whatever general rule of statutory construction may be used it is clear that the legislative intent governs and that intent is reasonably clear in this instance.

■ Section 24.1 is section 1 of Laws 1965, c. 345. The title provides, *inter alia,* that it is

"An Act relating to *state* officers and employees; . . . directing the

---

1. The statute also authorizes the recovery of double the value of public property illegally

transferred but this aspect will not be discussed as it is not involved in this appeal.

*State Budget Officer* to reject all claims for payment of salary or wages for officer or employee under suspension . . . ." (Emphasis added.)

Section 24.2 is section 2 of the Act and it directs the *"State Budget Officer* . . . to reject all claims for payment of salary or wages to any *such* officer or employee during the period." (Emphasis added.) There is no question that the State Budget Officer does not approve claims for salary or wages by county commissioners. Thus it is clear that the Act was only intended to reach those public officials who are "state officers or employees" compensated through the State Budget Officer and does not apply to county commissioners.

■ 51 O.S.1971, § 8 provides that on "conviction of any infamous crime . . . ." "every office shall become vacant . . . ." Thus plaintiff argues that on conviction in federal court of an "infamous crime" Worley's office became vacant automatically. But § 8 also provides that "the fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy." 26 O.S.1976 Supp., § 12–111 provides that vacancies in the office of county commissioner "shall be filled at a Special Election to be called by the Governor within thirty (30) days after such vacancy occurs." Worley argues that this means that vacancies in office under 51 O.S.1971, § 8 shall be determined by the Governor while plaintiff argues that since the position is filled by the voters in the county that they cannot "determine" the vacancy and that "it is only logical that the Judge of the District Court announce that the office is vacant, and that the same be communicated to the Governor for the calling of a special election." We fail to see the "logic" of plaintiff's position. 51 O.S.1971, § 8 provides several conditions under which an office becomes vacant and provides that whether the condition has occurred shall be determined "by the authority authorized to fill such vacancy." Whether the statute is inapplicable when the people are the only

ones authorized to fill the vacancy we need not decide, since it is clear that the statute does not authorize a District Court to determine a vacancy on application of a taxpayer under 62 O.S.1971, § 373. Even assuming, *arguendo*, that the District Court could determine such a vacancy in a proper action nothing in either statute, and no case to which we have been cited, authorizes the District Court to do so in an action by a taxpayer.

■ Such a result does not leave the public without remedies. For example, the Attorney General may seek ouster under 51 O.S.1971, §§ 93 and 94. Indeed, in the instant case the Attorney General had filed such an action on August 14, 1975. Furthermore, we hold that the § 373 action (Title 62) does authorize a District Court to determine whether or not there is a vacancy *as an incident* to its determination whether or not public funds are being or are about to be paid out illegally.

■■ Hence, we find that the District Court was without authority in an action prosecuted under 62 O.S.1971, § 373 to order the suspension of Worley or to restrain his performance of the duties of the office of county commissioner. That statute is a penal statute and must be strictly construed. *State ex rel. Twist v. Bailey,* 295 P.2d 763 (Okl.1956). It authorizes recovery of money or property, a penalty, and the enjoining of future illegal payments or transfers, but no more. *Bowles v. Neely,* supra.

## II.

■ This result leaves unaffected the *ex parte* "Order Declaring Vacancy in Office of County Commissioner" entered on October 24, 1975. Worley's motion to overrule this order was denied on the ground that Worley's Due Process rights under the Fourteenth Amendment to the United States Constitution and Article II, Section 7 of the Oklahoma Constitution were not infringed. Apparently the District Court felt that inasmuch as Worley's office became vacant automatically under 51 O.S.

1971, §§ 8 or 24.1, that the court's declaration was not an adjudication requiring due process. While the legislature may make public office subject to certain conditions calculated to protect the public it may not deprive a person of public office in a way that denies due process. But such a statement is axiomatic. The question is whether due process has been afforded. We believe it has not been. Loss of office as the result of conviction of a felony does involve due process in that the conviction is void unless it results from a fair and full process. But the prospect of loss of office by virtue of a conviction may not be quite as automatic as it seems. At least three questions of law and fact can be presented in an action to oust a public official: (1) was there a conviction, (2) has an appeal been taken or has the appeal been decided adversely, and (3) was the crime for which the officer was convicted an infamous crime, a crime involving moral turpitude, or a felony under Oklahoma law. In *State ex rel. Blankenship v. Freeman,* 440 P.2d 744 (Okl.1968) the Supreme Court noted that while the prohibitory provisions of the Oklahoma Constitution, dealing with the qualifications of members of the Corporation Commission (Art. IX, § 16) were self-executing, nevertheless, due process required "that if an official whose office is sought to be declared vacated, raises contested issues of fact, he must be granted an opportunity to litigate in a proper judicial form, all fact issues which may be involved." In the instant case the declaration of a vacancy is permissible *if* a vacancy exists under applicable law. It is permissible as an incident to the recovery of money or property under 62 O.S.1971, § 373. If properly found, a judgment could issue against Worley and the other defendants for the sums paid plus a penalty. To do these things without that opportunity to appear and defend which is the historical essence of due process, not only violates the Oklahoma and U. S. Constitutions, but offends the traditional fairness of Anglo-American procedure. The declaratory order cannot stand. The deficiency is not remedied by the fact that there was a hearing on Worley's motion to set aside the order since that hearing concerned the due process validity of the prior order and was not a hearing on the merits with notice.

We reverse the action of the District Court and remand for further proceedings consistent with the views expressed herein. We do not express an opinion on the other issues raised by the parties leaving those issues for the District Court in proceedings on the merits under 62 O.S.1971, §§ 372 and 373.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.