625 P.2d 627 (1981)
Hollis CALLENDER, County Commissioner of Carter County, Oklahoma, Petitioner,
v.
DISTRICT COURT FOR the TWENTIETH JUDICIAL DISTRICT, ARDMORE, CARTER COUNTY, State of Oklahoma and Woodrow George, Judge of the District Court for the Twentieth Judicial District, Ardmore, Carter County, Oklahoma, Respondents.
No. 56044.
Supreme Court of Oklahoma.
February 17, 1981.
Rehearing Denied March 30, 1981.
Ted J. Pasley, Wallace, Bickford, Pasley & Farabough, Ardmore, for petitioner.
Jan Eric Cartwright, Atty. Gen., David W. Lee, Timothy S. Frets, Asst. Attys. Gen., Oklahoma City, for respondents.
*628 SIMMS, Justice:
Petitioner, Callender, seeks to invoke the original jurisdiction of this Court and prays for a writ of prohibition to prevent the District Court of Carter County from proceeding further in a civil action, in the nature of quo warranto brought by the Attorney General of the State of Oklahoma against Callender to try title to the office of County Commissioner which he holds.
The Attorney General alleged in his petition that Callender forfeited or vacated his office by reason of a plea of nolo contendere he entered to a misdemeanor involving official misconduct, as defined by 21 O.S. 1971, § 343.[1] Specifically, it was alleged that Callender caused a bucket loader to be transported and used by a corporation in which he had a personal interest. Following *629 his plea, the court adjudged him guilty and pronounced judgment and sentence. No appeal was taken. The Attorney General argues such a conviction is a violation of Callender's oath of office, and that he has forfeited his office by reason of 51 O.S. 1971, § 8, which provides that every office becomes vacant when the officer has been convicted "of any infamous crime or any offense involving a violation of his official oath." The Attorney General contends that quo warranto is the proper way to determine the question of forfeiture. Callender relies on the last paragraph of § 8, supra, which reads:
"The facts by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."
Callender argues that because the vacancy in this office is filled by special election or under special circumstances by gubernatorial appointment, the statute requires a finding of fact by the governor, not the district court, of the conviction and resulting vacancy.
Title 12, O.S. 1971, § 1532, provides that actions in the nature of quo warranto may be brought "... . [W]henever any public officer shall have done or suffered any act which, by the provisions of law, shall work a forfeiture of his office ...". 51 O.S. 1971, § 8, provides that "[e]very office shall become vacant on the happening of either of the following events before the expiration of the term of such office: * * * Fifth: Conviction of any infamous crime or any offense involving a violation of his official oath; provided, that * * * final judgment is rendered thereon." The gravamen of this provision is the factum of a final conviction, not the type of plea which is entered to the indictment or information.
The issue for the trial court therefore is upon the final conviction and whether or not this conviction worked a forfeiture of the office, ipso facto. A finding of a conviction is a condition precedent to further proceedings in the district court in the instant case. See, State v. Freeman, Okl., 440 P.2d 744 (1968). Callender's reliance on the Court of Appeals decision in Worley v. State, Okl.App., 558 P.2d 430 (1976) is misplaced as that was a taxpayer's suit brought to recover money. It was not an action in the nature of quo warranto and "title" to the office was not the issue.
We conclude that the provision of 51 O.S. 1971, § 8, that: "The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy", has no application where there has been a formal adjudication of conviction of an offense involving a violation of an official oath as set forth in § 8. The failure to obtain from the appointing authority a finding of fact in this regard is not fatal to the court's jurisdiction of a civil action in the nature of quo warranto to determine whether or not the office was forfeited or otherwise to try title to the office.
Additionally, Callender argues that the action in the nature of quo warranto is improper because it was not commenced within 30 days after the issuance of a certificate of election to petitioner.
Title 12, O.S. 1971, § 1531, abolishes the common law writ of quo warranto and authorizes a civil action in the nature of quo warranto. The 30 day limitation on bringing the action found in § 1531 applies however, only to private parties who are contestants for the office to which another has been inducted. The policy for a limitation on such actions is obvious. In Pinson v. Robertson, 197 Okl. 419, 172 P.2d 625, 627 (1946), the Court observed that "[b]oth the common good and justice to the claimants require that election contests be settled speedily."
Actions initiated by the Attorney General or a District Attorney under the provisions of 12 O.S. 1971, § 1533 to try title to public office based on a provision of § 1532 are not within the 30 day limitation of § 1531. To say that civil actions to try title to office in the nature of quo warranto were so limited would lead to absurd results. In Byrd v. State, ex rel., Roff, County Attorney, 99 Okl. 165, 226 P. 362, 363 (1924), our Court recognized that our quo warranto statutes were adopted from Kansas *630 and quoted from Bartlett, et al. v. State of Kansas, 13 Kan. 99, regarding the nature of an action sounding in quo warranto brought by a contestant to the office, vis-a-vis, the action brought by the state: "* * * But this right of action on part of the individual does not oust the state from its right of action. Their separate rights of action are founded upon separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is interested in the good government and general welfare of all its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should legally be filled by some other person."
Application to assume Original Jurisdiction Granted. Petition for Writ of Prohibition Denied.
IRWIN, C.J., BARNES, V.C.J., and WILLIAMS, HODGES, LAVENDER and HARGRAVE, JJ., concur.
OPALA, J., concurs in result.
NOTES
[1] § 343 states: "Every officer or other person * * * who wilfully disobeys any provisions of law regulating his official conduct, in cases other than those specified in that section, is guilty of a misdemeanor."