I am authorized to state that Justice DOOLIN joins me in this Dissent.

STATE of Oklahoma ex rel. Tommy ASBILL, a Taxpayer, and others similarly situated, Appellants,

v.

Wren WORLEY, Carl Pettigrew, Owen Buffington, Earl Cole, J. D. Hudgins, John W. Russell, Jr., jointly and severally; Board of County Commissioners of Adair County, Oklahoma; County Excise Board of Adair County, Oklahoma; District Attorney of the 27th District of the State of Oklahoma; and the County Treasurer of Adair County, Oklahoma, Appellees.

No. 52025.

Supreme Court of Oklahoma.

Oct. 27, 1981.

---

1. 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).

2. Okl., 581 P.2d 884, 888.

David Harris, Stilwell, for appellants.

John W. Russell, Jr., Dist. Atty., Wagoner County, Rex Earl Starr, John Q. Adams, Asst. Dist. Attys., Wagoner, for appellees.

BARNES, Vice Chief Justice:

This case arises on appeal from the order of the District Court of Adair County, issued on February 3, 1978. The District Court's order dismissed Appellants' suit brought under the provisions of 62 O.S. 1971, §§ 372 and 373. These sections deal with taxpayer suits filed to recover money wrongfully spent by government officials.

On April 29, 1975, Wren Worley, who was then a County Commissioner of Adair County, was convicted in Federal District Court of "willfully and knowingly subscribing false income tax returns, in violation of 26 United States Code, Section 7206(1)."

On August 14, 1975, the Attorney General filed an ouster action under the provisions of 51 O.S. 1971, §§ 93 and 94.

On September 19, 1975, Appellants filed suit on behalf of the State of Oklahoma to recover all public funds paid to Wren Worley after April 29, 1975. On September 22, 1975, the District Court issued an order that suspended Worley from office. On December 30, 1975, the District Court issued a restraining order to prevent Worley from performing his duties as County Commissioner. Worley appealed these orders.

On December 7, 1976, the Court of Appeals, Division No. 1, ruled in *Worley v. State, ex rel Asbill, 558 P.2d 430 (Okl. 1976)*, that the District Court's order of suspension and the restraining order were invalid because Worley had not been granted a hearing on the merits of the matter.

On June 16, 1977, the jury in the ouster action found that Worley was not guilty of a crime involving "moral turpitude" and thus retained him in office.

On February 3, 1978, the District Court dismissed Appellants' suit, and it is that dismissal that is the basis of this appeal.

A taxpayer's suit is founded on 62 O.S., § 372, that provides for liability of public officials when "... payment [is made] ... in settlement of any claim known to be fraudulent or void...." Section 373 allows for taxpayers to bring action when government officials fail to seek recovery.

The only way that the payment of a salary to Worley would provide the necessary foundational elements for the lawsuit is if he had been ousted, either in fact or by operation of law.

The facts rule out the first alternative because Worley did complete his term and fulfilled his duties. The jury in the ouster action filed by the Attorney General under 51 O.S., § 91, et seq., acquitted him.

Appellants urge that Worley was ousted by the operation of 51 O.S., § 8, which provides that, "Every office shall become vacant on the happening of the following events ... conviction of any infamous crime... The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."

We reject Appellants' argument because the steps mandated in 51 O.S., § 8, were not followed. No determination of vacancy was ever made by the authority empowered to do so.

A taxpayer's suit such as this one requires a fraudulent, void, or unauthorized payment of funds. In this case, the payment of the Commissioner's salary was proper because he was not ousted from office by any of the available means.

Accordingly, we find that the District Court did not err in dismissing Appellants suit.

AFFIRMED.

IRWIN, C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.