Dear Representative Leist,
¶ 0 The Attorney General has received your request for an official opinion asking in effect:
1. How is the determination made as to whether the office ofCounty Superintendent of Schools has been vacant for one year forpurposes of its abolishment under 70 O.S. 4-101 (1981)?
 2. What effect does the answer to question No. 1 have uponcandidates who have filed for vacant but not yet abolishedoffices of County Superintendent of Schools in this year'selections?
 INTRODUCTION
¶ 1 These questions concern the implementation of a proviso added to 70 O.S. 4-101 (1981), in 1971, which says simply that:
 [w]hen an office of county superintendent of schools has been vacated for a period of one year, said office shall be abolished . . .
¶ 2 This proviso was the subject of a prior Attorney General Opinion, No. 79-143, issued June 5, 1979. That opinion interpreted the above language as mandatory, and further said that a Board of County Commissioners is the "proper authority to make such determination of vacancy [for one (1) year or more] and upon such finding shall, by order or resolution, abolish the office of County Superintendent of Schools."
¶ 3 To the extent that this prior opinion holds or implies that an order or resolution by the County Commissioners is necessary to abolish the office it is withdrawn. We are now of the opinion that the plain language of the statute abolishes the office as a matter of law upon the happening of its contingent event, the office's being vacant for one year.
 I.
¶ 4 Who or what determines if the office has been vacant for one year?
¶ 5 Title 51 O.S. 8 (1981), lists numerous "events" which can cause a vacancy in a public office before the expiration of an incumbent's term, including death, resignation, removal, failure to qualify, ceasing to meet residency requirements, and certain court actions. 51 O.S. 8's list is not exhaustive, however, inasmuch as certain other events (such as accepting another office) may also cause a vacancy. See 51 O.S. 6 (1988). 51 O.S. 8 also contains language as follows:
 The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy.
¶ 6 In the case of a County Superintendent of Schools, the "authority authorized to fill such vacancy" is, of course, the Board of County Commissioners, per 51 O.S. 10(b) (1988). We do not deem it necessary that there be a finding of fact as to a vacancy on the part of the Commissioners, however, for the one year period to start running. In the relatively recent case ofCallender v. District Court, 625 P.2d 627 (Okla. 1981), the Oklahoma Supreme Court said:
 We conclude that the provision of 51 O.S. 8 (1971), that: "The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy", has no application where there has been a formal adjudication of conviction of an offense involving a violation of an official oath as set forth in 51 O.S. 8. The failure to obtain from the appointing authority a finding of fact in this regard is not fatal to the court's jurisdiction of a civil action in the nature of quo warranto to determine whether or not the office was forfeited or otherwise to try title to the office.
625 P.2d at 629.
¶ 7 Also, in the earlier case of Hinson v. Robins,14 P.2d 940 (Okla. 1932), the Court said in its syllabus:
 Under section 132, C.O.S. 1921 now 51 O.S. 8
(1981), providing that every office shall become vacant whenever any judgment shall be obtained against the officer for a breach of his official bond, and a judgment is entered against a county commissioner for a breach of his official bond, a vacancy occurs in said office by operation of law ipso facto on the rendition of said judgment.
(Emphasis added).
¶ 8 See also Worley v. State ex rel. Asbill, 558 P.2d 430
(Okla.App. 1976), wherein it was said that a district court could determine "whether or not there is a vacancy as anincident to its determination whether or not public funds are being or are about to be paid out illegally." This Worley
opinion stressed the right of an incumbent-claimant to the office to a due process hearing on whether a vacating "event" has occurred. To the same effect is the case of State v. Freeman,440 P.2d 744 (Okla. 1968).
¶ 9 Although the authorities are scanty, it thus appears that a fact-finding determination by the Commissioners is not necessary before the one year period of vacancy starts running. Even if the Commissioners do make such a fact-finding determination, we are of the opinion that the start of the one year period relates back to the actual occurrence of the event, and does not date from the fact-finding itself.
¶ 10 We conclude that the one year period starts with the occurrence of the event which creates a vacancy, and that the office of County Superintendent is abolished at the end of the one year period, both as a matter of law. (It would be appropriate for the County Commissioners to make findings and to memorialize the abolishment by appropriate order or resolution as stated in A.G. Opinion No. 73-143 — but not necessary.)
 II.
¶ 11 How do our conclusions apply to those who may have filed as candidates for the office of County Superintendent?
¶ 12 The term of office of a County Superintendent does not begin until the first Monday of July in the year following the election for said officer. 70 O.S. 4-101 (1981). This is a special provision that is allowed for in the general statute, 51O.S. 1 (1981), which is otherwise applicable and which reads as follows:
 Except when otherwise specially provided, the regular term of all officers elected under the laws of the state, when elected to a full term, shall commence on the second Monday of January next succeeding their election, and any officer so elected shall qualify and enter upon the duties of his office on said date or within ten days thereafter; but if the office to which any person is elected be vacant at the time of his election or becomes vacant before his time for qualifying, even if he were not elected to fill the vacancy, he shall forthwith qualify and enter upon the duties of his office.
(Emphasis added).
¶ 13 We think that the emphasized language in the statute above is clearly applicable to any candidates for County Superintendent in this year's elections. That is to say, as soon as a candidate for a vacant office becomes elected he may qualify for and assume the office.
¶ 14 Just when a candidate for such vacant office becomes elected is probably a mixed question of law and fact. (In this connection, see 26 O.S. 6-102 (1981), for the authority of an unopposed candidate to be deemed elected.) But, in any event, his qualifying for and assuming the office of County Superintendent of Schools would cut off the running of the one year period necessary for the abolishment of the office. If he fails to qualify and assume the office, then the period of vacancy continues to run and may result in abolishment of the office before the beginning of the regular full term, depending, of course, upon when the period of vacancy began.
¶ 15 It is to be noted, also, that the Board of County Commissioners retains authority to appoint to fill the vacant office of County Superintendent in the absence of an elected person qualifying for it and can thereby cut off the running of the period of vacancy at any time prior to the completion of the one year of vacancy. See 51 O.S. 10(b) (1988).
 CONCLUSION ¶ 16 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The one year period of vacancy for the abolishment of theoffice of County Superintendent of Schools under 70 O.S. 4-101(1981), starts with the occurrence of the event which creates avacancy, and the office is abolished at the end of the one yearperiod, as a matter of law. No action by the Board of CountyCommissioners is necessary.
 2. If a candidate for County Superintendent of Schools iselected to a vacant office, he may qualify for and assume thatoffice but he must do so before the running of the one yearvacancy period. (The County Commissioners also retain their powerto make an appointment to fill the vacancy but they must do sobefore the running of the one year period.)
 To the extent Opinion 79-143, issued June 5, 1979, is inconflict with this Opinion, it is withdrawn.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH H. COLLUM ASSISTANT ATTORNEY GENERAL