Attorney General Edmondson has received your letter requesting an official Attorney General Opinion addressing, in effect, the following questions:
 1. Is the position of member of the board of directors, or director, of a rural water district an "office" within the meaning of 51 O.S. 8 (1991); and
 2. If so, is a vacancy created on a rural water district board of directors when a member pleads guilty to a felony?
Because your question requires a consideration of specific facts and may be answered by reference to controlling statutes and case law, the issuance of a formal opinion of the Attorney General is neither desirable or necessary. The discussion which follows is, therefore, not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned Assistant Attorney General.
In the circumstance about which you inquire, it is my understanding that a member of the board of directors of a rural water district[1] recently pleaded guilty to a felony charge before the United States District Court, Western District of Oklahoma. As a result, the board of directors now questions whether the convicted member may retain his seat as a member of the board or must vacate the seat pursuant to 51 O.S. 8 (1991).
Your first question essentially inquires as to whether a rural water district board is a public office for purposes of 51 O.S. 8, which provides in pertinent part:
 "Every office shall become vacant on the happening of any one of the following events before the expiration of the term of such office:
 Sixth. Upon entering of a plea of guilty . . . in a state or federal court of competent jurisdiction for any felony . . .
 The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."
(Emphasis added.)
The question of whether a rural water district board is a public office has been addressed in previous Attorney General's Opinion No. 80-127. In that opinion, the Attorney General, while construing the dual office holding provisions of 51 O.S. 6 (1971), cited State v. Sowards, 82 P.2d 324
(Okl.Cr.1938) which sets forth the guidelines for determining whether a given position is a public office:
 "A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by and for the benefit of the public. The individual so invested is a public officer."
In Opinion No. 80-127, the Attorney General opined that Section 82 O.S. 1324.10 of Title 82 confers sovereign power upon the board of directors of rural water districts and recognized that two earlier Attorney General Opinions, Nos. 79-19 and 79-202, had both held that rural water district boards were public offices in dealing-with the issues of conflicts of interests and nepotism. Thus, in finding that a person who occupies a public office may not also serve upon the board of directors of a rural water district, the Attorney General overruled and withdrew previous Attorney General Opinion No. 78-206, insofar as it held that a rural water district board is not a public office and its members are not public officers.
Therefore, based upon the reasoning evinced in Attorney General Opinion No. 80-127, it is the opinion of the undersigned attorney that a rural water district board is an "office" for purpose of 51 O.S. 8, and any member of the[2]
board of directors for a rural water district is a public officer. Because of the aforementioned affirmative response to your first question, we can proceed in addressing your second inquiry.
Your second question essentially asks whether a vacancy is created on the board of directors of a rural water district if a board member pleads guilty to a felony.
Title 51 O.S. 8 plainly provides that "(e)very office shall become vacant upon the happening of any one of the following events . . . upon entering a plea of guilty . . . in a state or federal court . . . for any felony . . ." (emphasis added). In the construction of statutes, "shall" is usually given its common meaning of "must". It is interpreted as employing a command or mandate. Sneed v. Sneed, 585 P.2d 1363
(Okla. 1978). Where the intent of the Legislature is plainly expressed in the statute, it must be followed without further inquiry or statutory construction. See, eg., In re Request of Hamm Production Co., 671 P.2d 50,52 (Okla. 1983); Hughes Drilling Co. v. Morgan, 648 P.2d 32,35 (Okla. 1982).
In this matter, based upon the plain language of 51 O.S. 8 (1991), it is the opinion of the undersigned that immediately upon the board member in question entering a plea of guilty to a felony in federal court, a vacancy was created on the rural water district board of directors, ipso facto. It is further my opinion that the provision of Section 8, that: "The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy", has no application in the instant case, in that there has been a formal adjudication of conviction of a felony as set forth in Section 8. See, Callender v. District Court. Etc., 625 P.2d 627, 629 (Okla. 1981).
For the above-stated reasons, it is the opinion of the undersigned assistant attorney general that:
 1. A rural water district board is an "office" for purpose of 51 O.S. 8 (1991), and any member of the board of directors for a rural water district is a public officer; and
 2. A vacancy is created on a rural water district board of directors immediately upon a member pleading guilty to a felony in federal court by virtue of the plain language of 51 O.S. 8 (1991).
(Barry K. Koonce)
[1] There is some question as to whether the rural water district in question presently operates as both a rural water district and a public trust (either simultaneously or separately, which may raise dual office-holding issues) or exclusively as a public trust (which may create a separate issue of statutory permissibility). However, in that the legal analysis and conclusion regarding this matter would be no different as to an individual serving as a trustee for a public trust, this opinion will not engage in a discussion of the various issues hereinabove described.
[2] It should be noted that in the case of public trusts, 60 O.S. 178(A) (1991) specifically provides that "(T)rustees . . . are public officers". See also, Tarabashi v. McAlester Regional Hospital, 827 F.2d 648, 652
(10th Cir.1987) ("Trusts established under 176 are governed by trustees who are designated as public officers under 178 . . . trustees are public officers acting as an agency of the State of Oklahoma")