Dear Representative Clay Pope,
¶ 0 This office has received your request for an official Attorney General's Opinion, in which you ask, in effect, the following question:
Section 8-108 of Title 11 provides that a member of a municipalgoverning body who is absent from more than one-half of allmeetings of that body held within any four consecutive months,shall cease to hold office. Who determines whether a member of amunicipal governing body, by virtue of his or her absences frommeetings of that body, has vacated the office?
¶ 1 As you pointed out in your question, 11 O.S. 1991, §8-108[11-8-108] provides that members of a municipal governing body who miss more than half the body's meetings held within four consecutive months should cease to hold office:
 Whenever a member of the municipal governing body
is absent from more than one-half of all meetings of the governing body, regular and special, held within any period of four (4)
consecutive months, he shall thereupon cease to hold office.
11 O.S. 1991, § 8-108[11-8-108] (emphasis added).
¶ 2 When a vacancy of a municipal office occurs-except that of the mayor-whether by virtue of the above quoted statute or other reasons, it is the municipal governing body, under the provisions of 11 O.S. 1991, § 8-109[11-8-109], that fills the vacancy:
 When a vacancy occurs in an office of an elected municipal official except the mayor, the governing body shall appoint, by a majority vote of the remaining members, a person to fill the vacancy
until the next general municipal election, or the next biennial town meeting if the municipality is subject to the Oklahoma Town Meeting Act, Section 16-301 et seq. of this title, and to serve until a successor is elected and qualified.
11 O.S. 1991, § 8-109[11-8-109](A) (emphasis added).
¶ 3 The statute also provides how vacancies are filled when a quorum of remaining members is not available due to vacancies.[1]
¶ 4 While Title 11 provides for the occurrence of a vacancy and an appointment to fill a vacancy, Title 11 does not indicate who or what entity determines when a vacancy has occurred. That determination is governed by the general provisions of Title 51, which deal with all offices elected under State law, 51 O.S.1991, § 1[51-1], including county, township, city, town and school district officers, 51 O.S. 1991, § 2[51-2]. Under the provisions of51 O.S. 1991, § 8[51-8], it is the appointing authority who determines whether a vacancy has occurred. That section in pertinent part provides:
 The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy.
51 O.S. 1991, § 8[51-8] (emphasis added).
¶ 5 This statute establishes the general law in Oklahoma and except in instances in which there has been a court adjudication of conviction for an offense involving the violation of an official oath, as was the case in Callender v. District Court,Etc., 625 P.2d 627, 629 (Okla. 1981), this general rule of law is controlling.
¶ 6 As specifically provided at 11 O.S. 1991, § 8-109[11-8-109], when a vacancy occurs in an elected municipal office-except that of mayor-it is the municipal governing body, by majority vote of the remaining members, that appoints a successor to fill the vacancy. That is, it is the remaining members of the public body that constitute the appointing authority. As the appointing authority, it is the remaining members of the municipal governing body that must determine when a fellow member of that body has vacated his or her office by failing to be present at one-half of all the meetings, regular and special, of that body held within any period of four consecutive months.
¶ 7 The Oklahoma Supreme Court, in Nesbitt v. Apple,891 P.2d 1235, 1241 (Okla. 1995), held that before an appointingauthority can act to fill a vacancy, the appointing authoritymust make a factual determination concerning the reasons by whicha vacancy has occurred, and if there is any dispute with respect to those facts, the incumbent office holder must be afforded minimal due process before the determination is made:
 For a Governor [or other appointing authority] to be entitled to act to fill a vacancy there must actually be a vacancy in an office. In order to implement the appointive authority given to the Governor (and others that have such authority by virtue of constitutional or statutory provision), the Legislature has set up an orderly procedure for filling a vacancy. Part of the procedure is a requirement that the Governor or other appointing authority make a substantive and real factual determination concerning the reason by which a vacancy has occurred. 51 O.S. 1991, § 8[51-8]. When the reason by which a vacancy is alleged to have occurred is disputed, it is our opinion that prior to making such a determination . . . there is a requirement that some type of minimal due process be afforded to the office holder.
891 P.2d at 1241 (emphasis added) (citation omitted).
¶ 8 Under the general statutory provisions of 51 O.S. 1991, §8[51-8], as interpreted by the Oklahoma Supreme Court, it is the appointing authority that determines whether a vacancy has occurred; as we have seen, in the case of a vacancy in an elected municipal office-save that of the mayor-it is the municipal governing body's remaining members that make such a determination. Thus, whether an elected member of a municipal governing body has vacated his or her position by virtue of absences from more than half of that body's meetings, regular and special, held within any four month period, is to be determined by the remaining members of the municipal governing body.
¶ 9 It is therefore, the official Opinion of the AttorneyGeneral, that:
1. An elected member of a municipal governing body who is absentfor more than half of all meetings, regular and special, of thatbody held within any period of four consecutive months, vacateshis or her office.
2. Under the provisions of 51 O.S. 1991, § 8[51-8], it is theappointing authority who determines whether the facts giving riseto a vacancy in office have occurred. When there is a disputeover the facts giving rise to the vacancy, the appointingauthority must afford the office holder some type of minimal dueprocess.
3. Under the provisions of 11 O.S. 1991, § 8-109[11-8-109], when avacancy occurs in an elected municipal office-save that ofmayor-it is the municipal governing body, by a majority vote ofthe remaining members, that fills the vacancy.
4. Thus, whether under the mandate of 11 O.S. 1991, § 8-108[11-8-108],an elected municipal officer has vacated his or her office byvirtue of being absent from more than half of all meetings,regular and special, of the municipal governing body held withinany period of four consecutive months, is determined by theremaining members of that body.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] In such instances 11 O.S. 1991, § 8-109[11-8-109](B) and (C) guide:
 B. If a majority of the offices of a governing body become vacant more than sixty (60) days before the beginning of a regular filing period for general municipal elections or more than sixty (60) days before the biennial town meeting, the remaining members of the governing body shall call for a special election or a special town meeting, if the municipality is subject to the Oklahoma Town Meeting Act, to be held as soon as possible in the municipality for the purpose of filling all vacant offices for the remainder of their unexpired terms if the election or town meeting can be held more than sixty (60) days before the beginning of the filing period for the general election or more than sixty (60) days before the next biennial town meeting. The remaining members of the governing body may pay claims in accordance with Section 17-102 of this title and, when necessary to avoid financial loss or injury to a person or property, may take any action otherwise authorized for the governing body except the enactment of an ordinance.
 C. If all the offices of the governing body become vacant, the municipal clerk or acting municipal clerk shall be the interim mayor until a member of the governing body is elected and qualified. If there is no municipal clerk or acting municipal clerk in office, the municipal treasurer shall serve as interim mayor and acting municipal clerk. If there is no municipal officer in office, the Governor may appoint a registered voter of the municipality as interim mayor and acting municipal clerk. The appointed interim mayor shall give bond for the faithful performance of his duties within ten (10) days after his appointment. The municipality shall pay the premium on the bond.